SIDLEY AUSTIN LLP
Anthony R. Grossi.
Ameneh Bordi
Juliana Hoffman* (*pro hac vice* pending)
787 Seventh Avenue
New York, New York 10019
Telephone:   (212) 839-5300
Facsimile:    (212) 839-5599
Email:         agrossi@sidley.com
                abordi@sidley.com
                jhoffman@sidley.com

*Counsel to the Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>    China Evergrande Group,<br><br>        Debtor in Foreign Proceeding. | Chapter 15<br><br>Case No. 23-11332 (MEW) |
| In re:<br><br>    Tianji Holding Limited,<br><br>        Debtor in Foreign Proceeding. | Chapter 15<br><br>Case No. 23-11333 (MEW) |
| In re:<br><br>    Scenery Journey Limited,<br><br>        Debtor in Foreign Proceeding. | Chapter 15<br><br>Case No. 23-11334 (MEW) |

**MOTION FOR ORDER DIRECTING JOINT**
**ADMINISTRATION OF CHAPTER 15 CASES PURSUANT TO 11 U.S.C. § 1521**

By and through their undersigned counsel, (i) Mr. Jimmy Fong, in his capacity as (a) the authorized foreign representative (the "Evergrande Foreign Representative") for China Evergrande Group ("Evergrande"), which is subject to a restructuring proceeding entitled

*In the Matter of China Evergrande Group* (the "Evergrande Hong Kong Proceeding"), concerning a scheme of arrangement between Evergrande and certain Scheme Creditors (as defined herein), pursuant to the relevant sections of the Hong Kong Companies Ordinance (Chapter 622 of the Laws of Hong Kong) (the "Hong Kong Companies Ordinance") and currently pending before the High Court of Hong Kong (the "Hong Kong Court") (Case Number HCMP 1091/2023) and (b) the authorized foreign representative (the "Tianji Foreign Representative", and together with the Evergrande Foreign Representative, the "Hong Kong Foreign Representatives") for Tianji Holding Limited ("Tianji"), which is subject to a restructuring proceeding entitled *In the Matter of Tianji Holding Limited* (the "Tianji Hong Kong Proceeding", and together with the Evergrande Hong Kong Proceeding, the "Hong Kong Proceedings"), concerning a scheme of arrangement between Tianji and certain Scheme Creditors, pursuant to the relevant sections of the Hong Kong Companies Ordinance and currently pending before the Hong Kong Court (Case Number HCMP 1090/2023); and (ii) Ms. Anna Silver, in her capacity as the authorized foreign representative (the "Scenery Journey Foreign Representative", and together with the Hong Kong Foreign Representatives, the "Foreign Representatives" or the "Petitioners") for Scenery Journey Limited ("Scenery Journey", and collectively with Evergrande and Tianji, the "Debtors"), which is subject to a restructuring proceeding entitled *In the Matter of Scenery Journey Limited* (the "Scenery Journey BVI Proceeding", and together with the Hong Kong Proceedings, the "Foreign Proceedings"), concerning a scheme of arrangement between Scenery Journey and certain Scheme Creditors, pursuant to section 179A of the BVI Business Companies Act, 2004 (the "BVI Companies Act", and together with the Hong Kong Companies Ordinance, the "Foreign Company Acts") and currently pending before the High Court of the Eastern Caribbean Supreme Court (the "BVI Court", and together with the Hong Kong Court, the "Foreign Courts") (Case Number

2

BVIHCOM 2023/0076), respectfully submit this motion (this "Motion") pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order, substantially in the form annexed hereto as **Exhibit A**, directing the joint administration of the Chapter 15 Cases (as defined herein) and the consolidation thereof for procedural purposes only. In further support of the Motion, the Foreign Representatives respectfully state as follows:

## RELIEF REQUESTED

1.      By this Motion, the Foreign Representatives seek the entry of an order substantially in the form annexed hereto as **Exhibit A** (the "Proposed Order") (i) directing the joint administration of these Chapter 15 Cases for procedural purposes only pursuant to Bankruptcy Rule 1015(b); (ii) granting related relief as provided herein, and (iii) granting such other relief as the United States Bankruptcy Court for the Southern District of New York (this "Court") deems just and proper.[1]

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* dated January 31, 2012, Reference M-431, *In re Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y. Feb. 2, 2012) (Preska, C.J.). Recognition of a foreign proceeding and other matters under Chapter 15 of the Bankruptcy Code have been designated core matters under 28 U.S.C. § 157(b)(2)(P).

3.      The Foreign Representatives have properly commenced the above-captioned Chapter 15 cases (the "Chapter 15 Cases") pursuant to sections 1504 and 1509 of the Bankruptcy

---

[1] Nothing contained in this Motion should be construed as a request for substantive consolidation of these Chapter 15 Cases.

3

Code by filing petitions for recognition of the Foreign Proceedings under section 1515 of the Bankruptcy Code (each, a "Chapter 15 Petition", and collectively, the "Chapter 15 Petitions").

4.      Venue is proper under 28 U.S.C. § 1410 as each Debtor has assets within the United States located in New York, as described further herein.

## BACKGROUND

5.      Evergrande is the ultimate holding company of a group of companies including, without limitation, Tianji, Scenery Journey, and certain subsidiaries who guarantee certain of the Group's existing debts (the "Subsidiary Guarantors") with respect to the Debtors (collectively, the "Group").[2]  The Group is principally engaged in property development, property investment, property management, new energy vehicle development and production, and cultural tourism business in China.

6.      As set forth in the *Motion for (I) Recognition of Foreign Main Proceedings, (II) Recognition of Foreign Representatives, and (III) Related Relief under Chapter 15 of the Bankruptcy Code* filed contemporaneously herewith, (the "Recognition Motion"),[3] following extensive and thorough consideration, consultation, and negotiation, the Debtors determined that a restructuring is in the best interests of the Debtors and those with an economic interest in the Debtors, in particular, the Scheme Creditors.  Accordingly, the Debtors entered into certain restructuring support agreements with respect to a restructuring of certain of the Group's Existing Debts to be implemented through the Schemes.

---

[2] Evergrande was incorporated in the Cayman Islands under the Cayman Companies Act as an exempted company with limited liability on June 26, 2006.  Tianji, an indirect non-wholly owned subsidiary of Evergrande, was incorporated in Hong Kong under Part XI of the predecessor Hong Kong Companies Ordinance (Cap. 32 of the Laws of Hong Kong) as a limited liability company on May 19, 2009, and Scenery Journey, a direct wholly owned subsidiary of Tianji, was incorporated in the British Virgin Islands under the BVI Companies Act as a limited liability company on February 12, 2018.

[3] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Recognition Motion.

4

7. As of the date hereof, each of the Foreign Representatives, as the duly appointed and authorized foreign representatives of the applicable Debtor, commenced each of the above-captioned chapter 15 cases (the "Chapter 15 Cases") by filing the Chapter 15 Petitions on behalf of the Debtors contemporaneously with, and accompanied by, all certifications, statements, lists and documents, pursuant to sections 1504 and 1515 of the Bankruptcy Code, seeking recognition of foreign proceedings, and requesting a permanent injunction and other related relief.

8. Additional background information concerning the basis for Chapter 15 Cases is set forth in the Recognition Motion.

## BASIS FOR RELIEF REQUESTED

9. Section 1519 of the Bankruptcy Code permits this Court upon the filing of a petition under chapter 15 to grant relief, including appropriate relief under section 1521(a)(7) of the Bankruptcy Code, where "urgently needed to protect the assets of the debtor or interests of creditors." 11 U.S.C. § 1519. Section 1521(a)(7) of the Bankruptcy Code permits this Court, upon the request of a foreign representative to grant any "additional relief that may be available to a trustee," which would include joint administration. 11 U.S.C. § 1521. The Foreign Representatives respectfully submit that joint administration of the Debtors' Chapter 15 Cases, on a procedural and not substantive basis, best serves the interests of the Debtors, their creditors, and parties in interest.

10. By separate application, the Foreign Representatives intend to request, in accordance with section 1517 of the Bankruptcy Code, that this Court set a single date for a hearing on the Chapter 15 Petitions and the Foreign Representatives' joint request for recognition of the Foreign Proceedings.

11. Bankruptcy Rule 2002(q)(1) provides that parties are to be given 21 days' notice of a hearing to consider granting the relief requested in a chapter 15 petition. *See* Bankruptcy Rule

2002(q)(1). In order to ensure that the Debtors, Scheme Creditors, and other parties-in-interest have proper and sufficient notice (including by way of publication) of the hearing to consider recognition, the Foreign Representatives respectfully submit that the relief requested is urgently needed.

**I.     The Foreign Debtors are Affiliates Under Federal Bankruptcy Rule 1015(b)**

12.     An order of joint administration concerns the routine administration of multiple cases and may be entered by the Court on an *ex parte* basis. Bankruptcy Rule 1015(b) provides, in relevant part, "if a joint petition or two or more petitions are pending in the same court by or against […] a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Section 101(2) of the Bankruptcy Code defines "affiliate" to mean, among other things an entity or corporation that "directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor" or a corporation in which the debtor directly or indirectly owns, controls, or holds with power to vote 20 percent of outstanding shares or more.

13.     Courts in this jurisdiction and others have routinely granted joint administration of interrelated Chapter 15 cases based on Bankruptcy Rule 1015(b). *See, e.g., In re: Heng Cheong Pacific Limited (BVI)*, No. 21-22947 (Bankr. D. Utah. Sept. 1, 2021); *In re Northwest Senior Housing Corporation, et al.*, No. 22-30659 (Bankr. N.D. Tex. Apr. 19, 2022); *In re PT Delta Merlin Dunia Textile*, No. 19-13214 (Bankr. S.D.N.Y. Oct. 8, 2019); *In re EuropaCorp S.A.*, No. 19-11587 (MEW) (Bankr. S.D.N.Y. May 20, 2019); *In re OAS S.A.*, No. 15-10937 (SMB) (Bankr. S.D.N.Y. Apr. 16, 2015); *In re Aralco S.A. – Indústria e Comércio*, No. 15-10419 (MKV) (Bankr. S.D.N.Y. Feb. 27, 2015); *see also In re Cline Mining Corp.*, No. 14-26132 (EEB) (Bankr. D. Colo. Dec. 4, 2014); *In re Essar Steel Algoma Inc.*, No. 14-11730 (BLS) (Bankr. D. Del. July 17, 2014); *In re Cinram Int'l Inc.*, No. 12-11882 (KJC) (Bankr. D. Del. June 26, 2012).

As such, the Court has the authority to enter the proposed order pursuant to Bankruptcy Rule 1015(b).

14.    As set forth above, Evergrande is the immediate parent company of Tianji, which is the immediate parent company of Scenery Journey. As such, the Debtors are "affiliates" as such term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Court is authorized to grant the relief requested herein.

## II.    Joint Administration of the Estate Will Provide Greater Ease of Administration

15.    Joint administration will ease the administrative and financial burden of these Chapter 15 Cases, avoiding considerable unnecessary time and expense. The Foreign Representatives are seeking that the motions and hearings in these Chapter 15 Cases proceed on a parallel basis given the parallel nature of the Foreign Proceedings. If not jointly administered, with three affiliated Debtors, each with its own case docket, these Chapter 15 Cases will necessitate preparing and filing duplicative motions and supporting documents, requesting duplicate hearings, and forwarding duplicate notices to creditors and other parties-in-interest. Such duplication (or rather, triplication) of substantially identical documents would be wasteful of the Group's resources and unnecessarily burden the Court and potentially confuse parties-in-interest.

16.    In contrast, joint administration will permit the Court to use a single docket for all these Chapter 15 Cases and to combine notices to Scheme Creditors and other parties-in-interest of the Debtors, resulting in a more expeditious and cost-effective process than the separate administration of the Chapter 15 Cases. Joint administration will also protect parties in interest by ensuring that they will be apprised of the various matters before the Court.

17.  Accordingly, the Foreign Representatives request that the Clerk of the Court maintain one file and one docket for these Chapter 15 Cases, which file and docket shall be the file and docket for China Evergrande Group.

18.  The Foreign Representatives further request that any pleadings filed after the date hereof bear the following joint administration caption:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re: | Chapter 15 |
|---|---|
| China Evergrande Group, *et al.*,[1] | Case No. 23-11332 (MEW) |
| Debtors in Foreign Proceedings. | (Jointly Administered) |

[1] The Debtors in these Chapter 15 Cases are (i) China Evergrande Group, incorporated in the Cayman Islands as an exempted company with limited liability with the registration number 170388, with its principal place of business located at 15th Floor, YF Life Centre, 38 Gloucester Road, Wanchai, Hong Kong; (ii) Tianji Holding Limited, incorporated in Hong Kong as a limited liability company with the registration number 1339269, with its principal place of business located at 17th Floor, One Island East, Taikoo Place, 18 Westlands Road, Quarry Bay, Hong Kong; and (iii) Scenery Journey Limited, incorporated in the British Virgin Islands ("BVI") as a limited liability company with the company number 1970476, with its principal place of business located at 2nd Floor Water's Edge Building, Wickham's Cay II, Road Town, Tortola, BVI.

19.  In addition, the Debtors seek the Court's authorization to have a notation substantially similar to the following notation entered on the docket of each Debtor's Chapter 15 Case to reflect the joint administration of these cases:

> "An Order has been entered in this case directing the procedural consolidation and joint administration of these Chapter 15 Cases of China Evergrande Group, Tianji Holdings Limited and Scenery Journey Limited. The docket of Case No. 23-11332 (MEW) should be consulted for all matters affecting this case."

**III.    No Party in Interest Will Be Prejudiced By Virtue of the Relief Requested**

20.  As set forth in the Recognition Motion, Evergrande is the immediate parent company of Tianji, which is the immediate parent company of Scenery Journey, and the financial

8

affairs and business operations of the Debtors are closely related. Further, many of the parties in interest have an interest in all of the Foreign Proceedings. The rights of the Debtors' respective Scheme Creditors will not be adversely affected by the proposed joint administration of the Chapter 15 Cases. This Motion requests only administrative, rather than substantive, consolidation and does not seek to modify the relative rights and remedies of credits against any of the individual Debtors. This request for purely procedural relief will relieve the Court of the burden of entering duplicative orders and maintaining duplicative files. Further, supervision of the administrative aspects of these Chapter 15 Cases by the United States Trustee for the Southern District of New York (the "U.S. Trustee") will be simplified.

21. Based on the foregoing, the Foreign Representatives submit that the relief requested is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

**NOTICE**

22. In accordance with Bankruptcy Rule 2002(q), each Foreign Representative, as applicable, through the Debtors' noticing agent, Kroll Restructuring Administration LLC ("Kroll"), will provide notice of this Motion to (i) the Debtors; (ii) the Office of the U.S. Trustee; and (iii) the parties entitled to notice set forth in the *Motion Pursuant to Federal Rules of Bankruptcy Procedure 2002 and 9007 for Order (I) Scheduling Recognition Hearing (II) Setting Objection Deadline, and (III) Approving Form and Manner of Service of Notice*, filed contemporaneously herewith. The Foreign Representatives submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

9

## **NO PRIOR REQUEST**

23. No previous request for the relief sought herein has been made by the Foreign Representatives to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Foreign Representatives respectfully request that the Court enter an order, in substantially the form attached hereto as **Exhibit A**, (i) directing the joint administration of the Debtors' Chapter 15 Cases pursuant to 11 U.S.C. §1521 of the Bankruptcy Code, and (ii) granting such other and further relief as the Court deems just and proper.

Dated: August 17, 2023
New York, New York

SIDLEY AUSTIN LLP

By: /s/ *Anthony Grossi*
Anthony Grossi
Ameneh Bordi
Juliana Hoffman\* (*pro hac vice* pending)
787 Seventh Avenue
New York, New York 10019
Telephone:   (212) 839-5300
Facsimile:   (212) 839-5599
Email:       agrossi@sidley.com
             abordi@sidley.com
             jhoffman@sidley.com

*Counsel to the Foreign Representative*
*\*Admitted only in Texas*