**SIDLEY AUSTIN LLP**
Anthony Grossi
Ameneh Bordi
Juliana Hoffman* (*pro hac vice* pending)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 839-5300
Facsimile:  (212) 839-5599
Email:      agrossi@sidley.com
            abordi@sidley.com
            jhoffman@sidley.com

*Counsel to the Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| China Evergrande Group, *et al.*,[1] | Case No. 23-11332 (MEW) |
| Debtors in Foreign Proceedings. | Joint Administration Requested |

**MOTION PURSUANT TO**
**FEDERAL RULES OF BANKRUPTCY PROCEDURE 2002 AND 9007**
**REQUESTING ENTRY OF AN ORDER (I) SCHEDULING THE RECOGNITION**
**HEARING AND (II) APPROVING FORM AND MANNER OF SERVICE OF NOTICE**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

By and through their undersigned counsel, (i) Mr. Jimmy Fong, in his capacity as

(a) the authorized foreign representative (the "Evergrande Foreign Representative") for China

Evergrande Group ("Evergrande"), which is subject to a restructuring proceeding entitled *In the*

---

[1] The Debtors in these Chapter 15 Cases are (i) China Evergrande Group, incorporated in the Cayman Islands as an exempted company with limited liability with the registration number 170388, with its principal place of business located at 15th Floor, YF Life Centre, 38 Gloucester Road, Wanchai, Hong Kong; (ii) Tianji Holding Limited, incorporated in Hong Kong as a limited liability company with the registration number 1339269, with its principal place of business located at 17th Floor, One Island East, Taikoo Place, 18 Westlands Road, Quarry Bay, Hong Kong; and (iii) Scenery Journey Limited, incorporated in the British Virgin Islands ("BVI") as a limited liability company with the company number 1970476, with its principal place of business located at 2nd Floor Water's Edge Building, Wickham's Cay II, Road Town, Tortola, BVI.

*Matter of China Evergrande Group* (the "Evergrande Hong Kong Proceeding"), concerning a scheme of arrangement between Evergrande and certain Scheme Creditors (as defined herein), pursuant to the relevant provisions of the Hong Kong Companies Ordinance (Chapter 622 of the Laws of Hong Kong) (the "Hong Kong Companies Ordinance") and currently pending before the High Court of Hong Kong (the "Hong Kong Court") (Case Number HCMP 1091/2023) and (b) the authorized foreign representative (the "Tianji Foreign Representative", and together with the Evergrande Foreign Representative, the "Hong Kong Foreign Representative") for Tianji Holding Limited ("Tianji", and together with Evergrande, the "Hong Kong Debtors"), which is subject to a restructuring proceeding entitled *In the Matter of Tianji Holding Limited* (the "Tianji Hong Kong Proceeding", and together with the Evergrande Hong Kong Proceeding, the "Hong Kong Proceedings"), concerning a scheme of arrangement between Tianji and certain Scheme Creditors, pursuant to the relevant provisions of the Hong Kong Companies Ordinance and currently pending before the Hong Kong Court (Case Number HCMP 1090/2023); and (ii) Ms. Anna Silver, in her capacity as the authorized foreign representative (the "Scenery Journey Foreign Representative", and together with the Hong Kong Foreign Representative, the "Foreign Representatives") for Scenery Journey Limited ("Scenery Journey", and together with the Hong Kong Debtors, the "Debtors"), which is subject to a restructuring proceeding entitled *In the Matter of Scenery Journey Limited* (the "Scenery Journey BVI Proceeding", and together with the Hong Kong Proceedings, the "Foreign Proceedings" with respect to the "Schemes" governing certain "Scheme Creditors"), concerning a scheme of arrangement between Scenery Journey and certain Scheme Creditors, pursuant to section 179A of the BVI Business Companies Act, 2004 (as amended, the "BVI Companies Act", and together with the Hong Kong Companies Ordinance, the "Foreign Company Acts") and currently pending before the High Court of the Eastern Caribbean Supreme Court

(the "BVI Court", and together with the Hong Kong Court, the "Foreign Courts") (Case Number

BVIHCOM 2023/0076), respectfully submit this motion (this "Motion") and represent as follows:[2]

## RELIEF REQUESTED

1.      By this Motion, pursuant to chapter 15 of title 11 of the United States Code,

11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 2002(l), 2002(m), 2002(p), 2002(q) and

9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2002-1,

2002-4, 9006-1(b) and 9013-1(b) of the Local Rules of the United States Bankruptcy Court for the

Southern District of New York (the "Local Rules"), the Foreign Representatives seek the entry of

an order substantially in the form annexed hereto as **Exhibit A** (the "Proposed Order")

(i) scheduling September 20, 2023 or as soon thereafter as the Court's schedule permits

(the "Recognition Hearing Date") as the hearing (the "Recognition Hearing") on the relief sought

in the *Motion for (I) Recognition of Foreign Main Proceedings, (II) Recognition of Foreign*

*Representatives, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code*

(the "Recognition Motion"), filed concurrently herewith;[3] (ii) setting September 8, 2023 at

5:00 p.m. (prevailing Eastern Time) as the deadline by which any responses or objections to the

Recognition Motion must be filed with the United States Bankruptcy Court for the Southern

District of New York (this "Court") and received by the Debtors (the "Objection Deadline");

(iii) approving the form and manner of notice of the Recognition Motion, Recognition Hearing,

and Objection Deadline (the "Notice Procedures"), including the form of notice (the "Recognition

---

[2] Capitalized terms used but not otherwise defined herein have the meaning ascribed to such terms in the Recognition Motion (as defined below) or the Supporting Documents (as defined in the Recognition Motion), as applicable.

[3] Reference is made to the *Declaration of Sidley Austin as Hong Kong Counsel to the Debtors in Support of the Motion for (i) Recognition of Foreign Main Proceedings, (ii) Recognition of Foreign Representatives, and (iii) Related Relief Under Chapter 15 of the Bankruptcy Code With Respect to Debtors Evergrande and Tianji* (the "Hong Kong Counsel Declaration") and *Declaration of Maples BVI as BVI Counsel to the Debtors in Support of the Motion for (i) Recognition of Foreign Main Proceeding, (ii) Recognition of Foreign Representative, and (iii) Related Relief Under Chapter 15 of the Bankruptcy Code With Respect to Debtor Scenery Journey Limited* (the "BVI Counsel Declaration", and together with the Hong Kong Counsel Declaration, the "Counsel Declarations").

<u>Hearing Notice</u>") that is attached as <u>Exhibit 1</u> to the Proposed Order; (iv) granting related relief as provided herein; and (v) granting such other relief as the Court deems just and proper.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* dated January 31, 2012, Reference M-431, *In re Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y. Feb. 2, 2012) (Preska, C.J.). Recognition of a foreign proceeding and other matters under Chapter 15 of the Bankruptcy Code have been designated core matters under 28 U.S.C. § 157(b)(2)(P).

3.     The Foreign Representatives have properly commenced the above captioned Chapter 15 cases (the "<u>Chapter 15 Cases</u>") pursuant to section 1504 of the Bankruptcy Code by filing a petition for recognition of the Foreign Proceedings under section 1515 of the Bankruptcy Code (the "<u>Chapter 15 Petitions</u>").

4.     Venue is proper under 28 U.S.C. § 1410.

## BACKGROUND

5.     Evergrande is the ultimate holding company of a group of companies including, without limitation, Tianji, Scenery Journey, and certain subsidiaries who guarantee certain of the Group's existing debts (the "<u>Subsidiary Guarantors</u>") with respect to the Debtors (collectively, the "<u>Group</u>").[4]  The Group is principally engaged in property development, property investment, property management, new energy vehicle development and production, and cultural tourism business in China.

---

[4] Evergrande was incorporated in the Cayman Islands under the Cayman Companies Act as an exempted company with limited liability on June 26, 2006.  Tianji, an indirect non-wholly owned subsidiary of Evergrande, was incorporated in Hong Kong under Part XI of the predecessor Hong Kong Companies Ordinance (Cap. 32 of the Laws of Hong Kong) as a limited liability company on May 19, 2009.  Scenery Journey, a direct wholly owned subsidiary of Tianji, was incorporated in the British Virgin Islands under the BVI Companies Act as a limited liability company on February 12, 2018.

6.     As set forth in the Recognition Motion following extensive and thorough consideration, consultation, and negotiation, the Debtors determined that a restructuring is in the best interests of the Debtors and those with an economic interest in the Debtors, in particular, the Scheme Creditors.  Accordingly, the Debtors entered into certain restructuring support agreements with respect to a restructuring of certain of the Group's Existing Debts (as defined in the Recognition Motion) to be implemented through the Schemes.

7.     The Debtors filed commencing documents with the Foreign Courts on July 12, 2023, with respect to the Evergrande and Tianji, and April 26, 2023, with respect to Scenery Journey, true and correct copies of which are attached to the applicable Counsel Declaration as Exhibit A (the "Scheme Petitions"), commencing the Foreign Proceedings and seeking, among other things, orders directing each of the Debtors to convene a meeting in respect of the applicable Scheme (each, a "Scheme Meeting", and collectively, the "Scheme Meetings") for the Scheme Creditors.  Additional information about the Schemes is set forth in the explanatory statements for each of the Schemes (each as supplemented from time to time, an "Explanatory Statement", and collectively, the "Explanatory Statements").[5]

8.     Following the Convening Hearings, which each occurred on July 24, 2023, the Foreign Courts entered the respective orders (the "Convening Orders") (i) scheduling the Scheme Meetings for (a) August 23, 2023 with respect to the Evergrande Hong Kong Scheme; (b) August 22, 2023 with respect to the Tianji Hong Kong Scheme; (c) and August 22, 2023 with respect to the Scenery Journey BVI Scheme;[6] and (ii) scheduling the hearings to sanction the

---

[5] Copies of the Explanatory Statements, as made available to the applicable Scheme Creditors (following the Convening Hearings (as defined below)) and as supplemented on August 16, 2023, are attached as Exhibit D to the Hong Kong Counsel Declaration and Exhibit E to the BVI Counsel Declaration.

[6] As described in the supplemented Explanatory Statements provided to the applicable Scheme Creditors on August 16, 2023, the Debtors announced that the Scheme Meetings are intended to be adjourned upon commencement thereof to August 28, 2023.

respective Schemes for September 5-6, 2023 at 10:00 a.m. (prevailing Hong Kong Time) with
respect to the Hong Kong Schemes and for September 4, 2023 at 10:00 a.m. (prevailing BVI Time)
with respect to the Scenery Journey BVI Scheme (collectively, the "Sanction Hearings").  It was
possible for Scheme Creditors to instruct legal representatives to attend, and make submissions
during, the Convening Hearing.  The respective Convening Order is attached to the Hong Kong
Counsel Declaration as Exhibit C (with respect to the Hong Kong Debtors) or Exhibit D (with
respect to Scenery Journey).

9.      In accordance with the Convening Orders and, with respect to Evergrande and
Tianji, section 671 of the Hong Kong Companies Ordinance, applicable notices of the Scheme
Meetings, the Schemes, the Explanatory Statements, and applicable solicitation materials were
provided to the applicable Scheme Creditors by Morrow Sodali Limited, in its capacity as the
Debtors' notification and information agent for the Schemes ("Morrow Sodali") and to Blocked
Scheme Creditors (as defined in the applicable Explanatory Statement) by GLAS Trustees Limited
("GLAS").  Such documents were provided or made available (a) on the following website
maintained by Morrow Sodali: https://projects.morrowsodali.com/evergrande (the "Morrow
Sodali Case Website"); (b) on Evergrande's website: https://www.evergrande.com; (c) through the
Euroclear Bank SA/NV and Clearstream Banking S.A. clearing systems, as applicable; (d) by
causing Morrow Sodali to send the notices via electronic mail to each Scheme Creditor for whom
Morrow Sodali has contact information or by causing GLAS to send the notice via electronic mail
to each Blocked Scheme Creditor; and (e) through GLAS with respect to the Blocked Scheme
Creditors.  Hong Kong Counsel Declaration, ¶ 35; BVI Counsel Declaration, ¶ 44.  In addition,
the Scheme Creditors were notified of the Scheme Meetings through announcements on HKEX

and the Singapore Exchange Securities Trading Limited.  Hong Kong Counsel Declaration, ¶ 35;

BVI Counsel Declaration, ¶ 44.

10.    At the Scheme Meetings, votes will be held to determine whether the Scheme

Creditors that are present and voting in person or by proxy approve the applicable Scheme by a

greater than fifty percent (50% + 1) majority in number representing at least

seventy-five percent (75%) in value of the Scheme Creditors present and voting with respect to the

applicable Scheme.  If the Schemes are approved at the Scheme Meetings, the Debtors, through

Morrow Sodali and GLAS, as applicable, will provide notice to the Scheme Creditors, informing

them that the applicable Scheme was approved and upcoming Sanction Hearings with respect to

the applicable Scheme are scheduled.  The Scheme Creditors will also be informed that they can

attend and raise any issues or objections at the Sanction Hearings.  In anticipation of the Sanction

Hearings, the respective Scheme Chairpersons (as defined in the Recognition Motion) will file

reports on the Scheme Meetings.

11.    Assuming that the Foreign Courts deem it appropriate to enter orders sanctioning

the applicable Scheme following the Sanction Hearings (the "Sanction Orders"), the Sanction

Orders are expected, among other things, to (i) sanction and approve consummation of the

applicable Scheme and (ii) authorize the Restructuring set forth in the Schemes.  Upon delivery of

the sealed Sanction Orders to the Hong Kong Registrar and the BVI Registrar, as applicable, and

subject to certain additional conditions, the Schemes will become effective and thereby binding on

all applicable Scheme Creditors.

12.    A supplemental declaration will be filed in advance of the Recognition Hearing,

providing this Court an update on the outcome of the Scheme Meetings and Sanction Hearings, as

applicable.

13.     As of the date hereof, each of the Foreign Representatives, as the duly appointed and authorized foreign representatives of the applicable Debtor, commenced each of the above-captioned chapter 15 cases (the "Chapter 15 Cases") by filing the Chapter 15 Petitions on behalf of the Debtors contemporaneously with, and accompanied by, all certifications, statements, lists and documents, pursuant to sections 1504 and 1515 of the Bankruptcy Code, seeking recognition of foreign proceedings, and requesting a permanent injunction and other related relief.

14.     Additional background information concerning the basis for Chapter 15 Cases is set forth in the Recognition Motion.

## BASIS FOR RELIEF REQUESTED

**I.      Proposed Notice Procedures and Hearing Date are Adequate and are Permitted by Bankruptcy Rules**

15.     Bankruptcy Rule 2002(q)(1) provides that the parties identified therein (together with certain other parties, all as identified in **Exhibit B** annexed hereto, the "Chapter 15 Notice Parties") and "such other entities as the Court may direct" must be given at least 21 days' notice of the hearing on a chapter 15 petition for recognition.  Fed. R. Bankr. P. 2002(q)(1). Bankruptcy Rules 2002(m) and 9007 provide, among other things, that when notice is to be given under the Bankruptcy Rules, the Court shall designate the form and manner in which such notice shall be given (unless otherwise specified in the Bankruptcy Rules).

16.     As described above, the Foreign Courts issued the Convening Orders establishing the date of the Scheme Meetings, and the Debtors provided the Practice Statement Letters and Explanatory Statements providing notice of the Schemes and the Chapter 15 Cases.  The Scheme Meeting Notices were made available on the Morrow Sodali Case Website and additional public channels.  Notably, the Explanatory Statements provide, among other things, overviews of the

Schemes, and disclose that the Debtors intend to seek recognition of the Schemes under chapter 15 of the Bankruptcy Code.

17.     Pursuant to Bankruptcy Rule 2002(q) and Local Rule 9013-1(b), the Foreign Representatives through their U.S. noticing agent, Kroll Restructuring Administration LLC ("Kroll"), propose to serve (a) the Recognition Motion, (b) the Recognition Hearing Notice, and (c) upon entry, the orders granting recognition of the Foreign Proceedings(collectively, the "Notice Documents") by electronic mail to the extent email addresses are available, and otherwise by overnight or first-class postage prepaid (provided that the Foreign Representatives request that exhibits may be served on compact disc or similarly widely accessible digital media storage format at the election of the Foreign Representatives), upon the Chapter 15 Notice Parties and the Scheme Creditors (to the extent the Debtors have notice information for such Scheme Creditors).

18.     In addition, copies of all other documents filed in the Chapter 11 Cases are proposed to be served by electronic mail to the extent email addresses are available, and otherwise by overnight or first-class postage prepaid, upon the Chapter 15 Notice Parties.

19.     Additionally, the Foreign Representatives believe that supplementing the notice required by the Bankruptcy Rules by publishing the Recognition Hearing Notice in *The New York Times* within three (3) business days following the entry of the Proposed Order would ensure that sufficient notice of the Chapter 15 Petitions, the time fixed for filing objections to the relief sought in the Recognition Motion, and the time, date, and telephonic and/or virtual access information of the Recognition Hearing, is provided to persons who might not otherwise receive notice. Bankruptcy Rule 2002(l) permits the Court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice." Fed. R. Bankr. P. 2002(l).

Furthermore, the Foreign Representatives, through Kroll, propose to serve the Notice Documents

on all known beneficial holders of the Existing Debts and the relevant securities clearing houses.

20.     The Foreign Representatives submit that the form and manner of service of notice

requested herein for the Chapter 15 Notice Parties constitutes adequate and sufficient notice of the

commencement of the Chapter 15 Cases and the relief sought in the Recognition

Motion.  Accordingly, the Foreign Representatives respectfully request that the Court approve the

foregoing manner of service of the Notice Documents pursuant to Bankruptcy Rules 2002(m),

2002(q)(1) and 9007.

21.     In addition, if any party files a notice of appearance in the Chapter 15 Cases, the

Foreign Representatives propose to serve the Notice Documents and subsequent notices upon such

party within three (3) business days of the filing of such notice of appearance if such documents

have not already been served on such party (or its counsel).

22.     As described in the Representative Declarations, effectuation of the Schemes and

chapter 15 recognition thereof are meaningful steps to right-size the Group's balance sheet and

place it in a position for long-term success to the benefit of the Group's employees, creditors,

customers, vendors, and all of its stakeholders.    To avoid any delays in enforcing the

consummation of the restructuring, and given that notice of the Debtors' intent to seek chapter 15

recognition has been provided to the Scheme Creditors in the Practice Statement Letters and

Explanatory Statements, the Foreign Representatives respectfully request that the Recognition

Hearing be held telephonically and/or virtually on September 20, 2023, or as soon thereafter as the

Court's schedule permits.

23.     Bankruptcy Rule 1012(b) provides that, among other things, a party objecting to a

petition to recognize a foreign proceeding under chapter 15 has until no later than seven (7) days

before the date set for the hearing on the petition to respond, unless the court orders otherwise. Fed. R. Bankr. P. 1012(b). Additionally, Local Rule 9006-1(b) provides that, among other things, any answering papers to any motion shall be served not later than seven (7) days before the applicable hearing date of such motion. L. R. S.D.N.Y. 9006-1(b). Accordingly, the Foreign Representatives respectfully submit that setting September 8, 2023 as the Objection Deadline is appropriate.

| Relevant Event | Proposed Date |
|---|---|
| Filing of the Chapter 15 Petitions | August 17, 2023 |
| Objection Deadline | September 8, 2023 at 5:00 p.m. (prevailing Eastern Time) |
| Proposed Chapter 15 Recognition Hearing | September 20, 2023 |

24.      The Foreign Representatives request that the following procedures apply to any objection:

- The objection must be made in accordance with the Bankruptcy Code, the Local Rules of the United States Bankruptcy Court for the Southern District of New York, and the Federal Rules of Bankruptcy Procedure, in a writing that sets forth the basis for such objection with specificity and the nature and extent of the respondent's claims against the Debtors.

- Any such objection must be filed electronically with the Court on the Court's electronic case filing system in accordance with and except as provided in *General Order M-399* and the Court's Procedures for the Filing, Signing and Verification of Documents by Electronic Means, and served upon the Foreign Representatives' counsel, Sidley Austin LLP, 787 Seventh Avenue, New York, New York 10019 (Attn: Anthony Grossi), so as to be received by **5:00 p.m. (prevailing Eastern Time) on September 8, 2023**, with a courtesy copy served upon the Chambers of the Court.

25.      Pursuant to Local Rule 9014-2, the Foreign Representatives request that the Recognition Hearing be an evidentiary hearing at which witnesses may testify.

## II.    Requirements of Section 1514(c) Should be Waived

26.    Section 1514(c) of the Bankruptcy Code provides that when notice of the commencement of a case under the Bankruptcy Code is given to foreign creditors, such notice shall indicate the time period and place for filing proofs of claim as well as whether such filing is necessary for secured creditors.  11 U.S.C. § 1514(c).  It is generally accepted, however, that section 1514 does not apply in a chapter 15 ancillary case.  As explained in Collier on Bankruptcy, section 1514 is the "last in a series of sections dealing with the international aspects of cases under chapters other than chapter 15 that began with section 1511."  8 Collier on Bankruptcy ¶ 1514.01 (16th ed. 2021).  As such, courts routinely find inapplicable and/or waive the requirements of section 1514 in chapter 15 cases.  *See, e.g.*, *In re RongXingDa Development (BVI) Limited*, No. 22-10175 (DSJ) (Bank. S.D.N.Y. Feb. 14, 2022) (ECF No. 7); *In re Olinda Star Ltd. (In Provisional Liquidation)*, No. 20-10712 (MG) (Bankr. S.D.N.Y. March 10, 2020) (ECF. 14); *In re Perforadora Oro Negro, S. De R.L. De C.V., et al.*, No. 18-11094 (SCC) (Bankr. S.D.N.Y. Apr. 20, 2018) (ECF No. 24); *In re Avanti Commc'ns Grp. Plc.*, No. 18-10458 (MG) (Bankr. S.D.N.Y. Feb. 26, 2018) (ECF No. 11); *In re U.S. Steel Can. Inc.*, No. 17-11519 (MG) (Bankr. S.D.N.Y. June 2, 2017) (ECF No. 6).  Given that section 1514(c) does not apply with respect to these Chapter 15 Cases (as the Debtors have not sought to commence a case under any other chapter of the Bankruptcy Code), the Debtors respectfully submit that the requirements contained therein are inapplicable or, alternatively, respectfully requests that such requirements be waived by this Court.

## **NOTICE**

27.    Notice of this Motion will be provided to the Chapter 15 Notice Parties enumerated in **Exhibit B** annexed hereto.

## **<u>NO PRIOR REQUEST</u>**

28.     No previous request for the relief requested herein has been made by the Debtors

to this Court or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully requests that this Court enter an order, substantially in the form of the Proposed Order annexed hereto as **<u>Exhibit A</u>**, (i) setting September 20, 2023, or as soon thereafter as the Court's schedule permits, as the Recognition Hearing; (ii) setting September 8, 2023 at 5:00 p.m. (prevailing Eastern Time) as the Objection Deadline; (iii) approving the Notice Procedures, including the Recognition Hearing Notice that is attached as <u>Exhibit 1</u> to the Proposed Order; (iv) granting related relief as provided herein; and (v) granting such other relief as the Court deems just and proper.

Dated: August 17, 2023
     New York, New York

**SIDLEY AUSTIN LLP**

/s/ *Anthony Grossi*
Anthony Grossi
Ameneh Bordi
Juliana Hoffman (*pro hac vice* pending)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 839-5300
Facsimile:  (212) 839-5599
Email:       agrossi@sidley.com
            abordi@sidley.com
            jhoffman@sidley.com

*Counsel to the Foreign Representatives*
*\*Admitted only in Texas*