**Exhibit C**

**Scenery Journey Proposed Recognition Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>China Evergrande Group, *et al.*,[1]<br><br>Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 23-11332 (MEW) |

**ORDER GRANTING (I) RECOGNITION OF FOREIGN MAIN
PROCEEDING, (II) RECOGNITION OF FOREIGN REPRESENTATIVE,
AND (III) RELATED RELIEF UNDER CHAPTER 15 OF THE BANKRUPTCY CODE
WITH RESPECT TO DEBTOR SCENERY JOURNEY LIMITED**

Upon the motion (the "Motion")[2] of the Foreign Representatives for the above-captioned debtors that are subject to the Foreign Proceedings, pursuant to sections 105(a), 1504, 1507, 1510, 1515, 1517, 1520, 1521 and 1522 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), for entry of an order (this "Order"), among other things: (i) recognizing the Scenery Journey BVI Proceeding as a "foreign main proceeding"; (ii) recognizing the Scenery Journey Foreign Representative as a duly appointed "foreign representative," as defined in section 101(24) of the Bankruptcy Code in respect of the Scenery Journey BVI Proceeding; (iii) granting full force and effect and comity to the Scenery Journey BVI Proceeding and the Foreign Court Orders with respect to Scenery Journey and the additional relief set forth herein pursuant to section 1521(a) and/or 1507(a) of the Bankruptcy Code; (iv) enjoining parties from

---

[1] The Debtors in these Chapter 15 Cases are (i) China Evergrande Group, incorporated in the Cayman Islands as an exempted company with limited liability with the registration number 170388, with its principal place of business located at 15th Floor, YF Life Centre, 38 Gloucester Road, Wanchai, Hong Kong; (ii) Tianji Holding Limited, incorporated in Hong Kong as a limited liability company with the registration number 1339269, with its principal place of business located at 17th Floor, One Island East, Taikoo Place, 18 Westlands Road, Quarry Bay, Hong Kong; and (iii) Scenery Journey Limited, incorporated in the British Virgin Islands as a limited liability company with the company number 1970476, with its principal place of business located at (BVI) Limited, 2nd Floor Water's Edge Building, Wickham's Cay II, Road Town, Tortola, British Virgin Islands.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

2

taking any action inconsistent with the Scenery Journey BVI Scheme in the United States, including giving effect to the Restructuring contained in the Scenery Journey BVI Scheme; (v) authorizing the Scenery Journey Existing Notes Trustee and any successor trustee to take any and all actions necessary to give effect to the terms of the Restructuring and discharge(s); and (vi) granting such other and further relief as this Court deems just and proper; and upon this Court's review and consideration of the Scenery Journey Chapter 15 Petition, the Scenery Journey Representative Declaration, and the BVI Counsel Declaration, each filed contemporaneously with the Motion, and the Scenery Journey Supplemental Declaration, and the evidence admitted at the hearing (the "Hearing") to consider the Scenery Journey Chapter 15 Petition; and due and proper notice of the Scenery Journey Chapter 15 Petition having been provided; and no other or further notice being necessary or required; and no objections or other responses having been filed that have not been overruled, withdrawn, or otherwise resolved; and all interested parties having had an opportunity to be heard at the hearing; and after due deliberation and sufficient cause appearing therefor,

**THE COURT HEREBY FINDS AND CONCLUDES THAT:**

A.   The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, section 1501 of the Bankruptcy Code, and the *Amended Standing Order of Reference* dated

January 31, 2012, Reference M-431, *In re Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y. Feb. 2, 2012) (Preska, C.J.).

C. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P) and this Court may enter a final order consistent with Article III of the United States Constitution.

D. Venue is proper in this district pursuant to 28 U.S.C. § 1410.

E. Scenery Journey has intangible property and property rights within this district and, therefore, Scenery Journey is eligible to be a debtor in a Chapter 15 case pursuant to sections 109 and 1501 of the Bankruptcy Code.

F. Scenery Journey's Chapter 15 Case was properly commenced pursuant to sections 1504, 1509, and 1515 of the Bankruptcy Code.

G. The Scenery Journey Chapter 15 Petition meets the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rules 1007(a)(4) and 2002.

H. The Scenery Journey BVI Proceeding is a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code.

I. The Scenery Journey BVI Proceeding is located in the BVI, which is the country where Scenery Journey's center of main interests is located and, as such, the Scenery Journey BVI Proceeding is entitled to recognition as a "foreign main proceeding" pursuant to sections 1502(4) and 1517(b)(1) of the Bankruptcy Code.

J. The Scenery Journey BVI Scheme was sanctioned by the Sanction Order of the BVI Court dated [__], 2023.

K. The Scenery Journey BVI Proceeding is entitled to recognition by this Court pursuant to sections 1515 and 1517(a) of the Bankruptcy Code.

4

L.     The Scenery Journey Foreign Representative is a person within the meaning of section 101(41) of the Bankruptcy Code and is the duly appointed foreign representative of Scenery Journey within the meaning of section 101(24) of the Bankruptcy Code.

M.     The relief granted hereby pursuant to sections 1507, 1515, 1517, 1520, and 1521 of the Bankruptcy Code is necessary and appropriate to effectuate the purposes of Chapter 15, to protect Scenery Journey and the interests of its creditors and other parties in interest, and is consistent with the laws of the United States, international comity, public policy, and the policies of the Bankruptcy Code.

N.     Scenery Journey is eligible in the exercise of the Court's discretion for all the relief and additional assistance as forth herein under sections 1507 and 1521(a) of the Bankruptcy Code.

O.     The relief and additional assistance granted herein is necessary and appropriate to effectuate the purposes of Chapter 15, to protect Scenery Journey and the interests of its creditors and other parties in interest, and is consistent with the laws of the United States, international comity, United States public policy, and the policies of the Bankruptcy Code. The relief granted hereby, warranted pursuant to sections 105(a), 1507(a), 1509(b)(2)-(3), 1515, 1517, 1521(a) and 1525(a) of the Bankruptcy Code, will not cause hardship to creditors of Scenery Journey or other parties in interest that is not outweighed by the benefits of granting that relief.

P.     Absent the relief granted herein, Scenery Journey may be subject to the prosecution of judicial, quasi-judicial, arbitration, administrative or regulatory actions or proceedings in connection with the claims against them or their property that are subject to the Scenery Journey Existing Notes, thereby interfering with and causing harm to, Scenery Journey, its creditors and other parties in interest in the Scenery Journey BVI Proceeding and, as a result, Scenery Journey,

its creditors and such other parties in interest would suffer irreparable injury for which there is no adequate remedy at law, a result contrary to the purposes of Chapter 15.

Q. The injunctions contained here (i) are within the Court's jurisdiction, (ii) are essential to the success and objectives of the Scenery Journey BVI Proceeding and the Scenery Journey BVI Scheme, and (iii) confer material benefits on, and is in the best interests of, Scenery Journey and the Scheme Creditors.

R. Appropriate notice of the filing of, and the hearing on, the Scenery Journey Chapter 15 Petition was given, which notice was deemed adequate for all purposes, and no further notice need be given.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion and requested relief therein with respect to Scenery Journey is granted.

2. The Scenery Journey BVI Proceeding is granted recognition as a foreign proceeding as defined in section 101(23) of the Bankruptcy Code and pursuant to section 1517 of the Bankruptcy Code and is entitled to the protections of section 1520(a) of the Bankruptcy Code.

3. The Scenery Journey Foreign Representative is the duly appointed and authorized representative of the Scenery Journey BVI Proceeding within the meaning of section 101(24) of the Bankruptcy Code, is authorized to act on behalf of Scenery Journey in the Chapter 15 Cases, and is established as the exclusive representative of Scenery Journey in the United States.

4. The Scenery Journey BVI Proceeding, the Scenery Journey BVI Scheme, and the Foreign Court Orders with respect to Scenery Journey, including the Restructuring and discharge(s) contained therein, are recognized, granted comity, and entitled to full force and effect in the United States against all entities (as that term is defined in section 101(15) of the Bankruptcy Code) in accordance with their terms. As of the Scenery Journey BVI Scheme's Restructuring

Effective Date, except as expressly permitted by the Scenery Journey BVI Scheme or the Foreign Court Orders with respect to Scenery Journey, all entities are hereby permanently enjoined from asserting or seeking to enforce any debt, claim, or interest that is released, discharged, or modified by the Foreign Court Orders with respect to Scenery Journey, the Scenery Journey BVI Scheme, and this Order.  For the avoidance of doubt, all debt that is discharged pursuant to the Scenery Journey BVI Scheme, the Foreign Court Orders with respect to Scenery Journey, or this Order, including any debt governed by New York state law, shall also be hereby discharged as a matter of federal and New York state law on the Scenery Journey BVI Scheme's Restructuring Effective Date.

5. All objections, if any, to the Motion or the relief requested therein with respect to Scenery Journey that have not been withdrawn, waived, or settled as announced to the Court at the Hearing, or by stipulation filed with the Court, and all reservations of rights included therein, are hereby overruled on the merits.

6. The Scenery Journey Foreign Representative may, post-recognition, seek leave to conduct discovery pursuant to applicable provisions of law concerning, among other things, Scenery Journey's assets, affairs, rights, obligations or liabilities.

7. The Scenery Journey Foreign Representative is entrusted with the administration or realization of all of Scenery Journey's assets that are located within the territorial jurisdiction of the United States, including prosecution of any causes of action belonging to Scenery Journey.

8. As of the Scenery Journey BVI Scheme's Restructuring Effective Date, all persons and entities are permanently enjoined and restrained from taking any actions in the United States inconsistent with the Scenery Journey BVI Scheme or the Foreign Court Orders with respect to

Scenery Journey or interfering with the enforcement and implementation of the Scenery Journey BVI Scheme or the Foreign Court Orders with respect to Scenery Journey, including the following:

(a)     executing against any of Scenery Journey's assets;

(b)     commencing or continuing, including issuing or employing process, of a judicial, quasi-judicial, administrative, regulatory, arbitral, or other action or proceeding, or to recover a claim, including, without limitation, any and all unpaid judgments, settlements or otherwise against Scenery Journey, its property, or any direct or indirect transferee of or successor to any property of Scenery Journey, or any property of such transferee or successor, or the seeking of any discovery related to any of the foregoing, which in each case is in any way inconsistent with, relates to, or would interfere with, the administration of Scenery Journey's estate in the Scenery Journey BVI Proceeding, the Scenery Journey BVI Scheme's Sanction Order, the implementation or consummation of the Scenery Journey BVI Scheme, or otherwise under BVI, US, or other applicable law;

(c)     taking or continuing any act to create, perfect or enforce a lien or other security interest, setoff or other claim against Scenery Journey or any of its property or proceeds thereof, which in each case is in any way inconsistent with, relates to, or would interfere with, the administration of Scenery Journey's estate in the Scenery Journey BVI Proceeding, the Scenery Journey BVI Scheme's Sanction Order, the implementation or consummation of the Scenery Journey BVI Scheme, or otherwise under BVI, US, or other applicable law;

(d)     transferring, relinquishing or disposing of any property of Scenery Journey to any entity other than the Scenery Journey Foreign Representative and her authorized representatives and agents or taking or continuing any act to obtain possession of, commingle, or exercise control over, such property, which in each case is in any way inconsistent with, relates to, or would interfere with, the administration of Scenery Journey's estate in the Scenery Journey BVI Proceeding, the Scenery Journey BVI Scheme's Sanction Order, the implementation or consummation of the Scenery Journey BVI Scheme, or otherwise under BVI, US, or other applicable law;

(e)     commencing or continuing in any manner, directly or indirectly, an action or proceeding concerning Scenery Journey's assets, rights, obligations or liabilities, or to resolve any dispute arising out of any provision of the Scenery Journey BVI Scheme , which in each case is any way inconsistent with the Scenery Journey BVI Proceeding, the Scenery Journey BVI Scheme's Sanction Order, the implementation or consummation of the Scenery Journey BVI Scheme, or otherwise under BVI, US, or other applicable law; and

(f)     declaring or considering the filing of the Scenery Journey BVI Proceeding, the Scenery Journey BVI Scheme, the Scenery Journey BVI Scheme's Sanction Order or these Chapter 15 Cases a default or event of default under any agreement, contract or arrangement;

8

in each case, to the extent inconsistent with the Scenery Journey BVI Scheme, the Foreign Court Orders with respect to Scenery Journey, or such law.

9. As of the Scenery Journey BVI Scheme's Restructuring Effective Date, any judgment, wherever and whenever obtained, to the extent such judgment is a determination of a Released Claim (as defined in the Scenery Journey BVI Scheme) cancelled, discharged, or restructured under the Scenery Journey BVI Scheme, or as a result of BVI law relating to the Scenery Journey BVI Scheme, is unenforceable in the United States, in each case, to the extent inconsistent with the Scenery Journey BVI Scheme, the Foreign Court Orders with respect to Scenery Journey, or such law.

10. No action taken by the Scenery Journey Foreign Representative, Scenery Journey, or their respective successors, agents, representatives, advisors, or counsel in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of or in connection with the Scenery Journey BVI Proceeding, this Order, the Chapter 15 Cases, or any adversary proceeding herein, or any further proceeding commenced hereunder, shall be deemed to constitute a waiver of the rights or benefits afforded such persons under 306 and 1510 of the Bankruptcy Code.

11. The Scenery Journey Foreign Representative, Scenery Journey, and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules or orders of this Court.

12. This Order shall be served by electronic mail to the extent email addresses are available and otherwise by U.S. mail, first-class postage prepaid or overnight, upon:  (i) the Chapter 15 Notice Parties (as defined in the *Motion Pursuant to Federal Rules of Bankruptcy*

*Procedure 2002 and 9007 Requesting Entry of an Order (I) Scheduling the Recognition Hearing and (II) Approving the Form and Manner of Service of Notice* (ECF No.[__]) (the "Scheduling Motion") and (ii) those parties requesting notice pursuant to Bankruptcy Rule 2002. Kroll, in its capacity as Scenery Journey's noticing agent, shall serve this Order in the manner described in the Scheduling Motion. Such service and notice is good and sufficient service and adequate notice for all purposes.

13. The Scenery Journey Foreign Representative is authorized to take all actions necessary to carry out this Order.

14. The Scenery Journey Existing Notes Trustee and any successor trustee is hereby authorized to take any actions or execute any documents it believes appropriate in furtherance of or in connection with consummating the transactions contemplated by the Foreign Court Orders with respect to Scenery Journey and the Scenery Journey BVI Scheme, including, among other things, the cancellation and discharge of the Scenery Journey Existing Notes and related documentation.

15. This Court shall retain jurisdiction to hear and determine all matters arising from or related to interpretation or implementation of this Order.

Dated: _____, 2023
      New York, New York

                                                               _____
                                                               UNITED STATES BANKRUPTCY JUDGE