**SIDLEY AUSTIN LLP**
Anthony Grossi
Ameneh Bordi
Juliana Hoffman* (*pro hac vice* pending)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 839-5300
Facsimile:  (212) 839-5599
Email:      agrossi@sidley.com
            abordi@sidley.com
            jhoffman@sidley.com

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| China Evergrande Group, *et al*.[1] | Case No. 23-11332 (MEW) |
| Debtors in Foreign Proceedings. | Joint Administration Requested |

**DECLARATION OF JIMMY FONG IN SUPPORT OF
THE MOTION FOR (I) RECOGNITION OF FOREIGN MAIN
PROCEEDINGS, (II) RECOGNITION OF FOREIGN REPRESENTATIVES,
AND (III) RELATED RELIEF UNDER CHAPTER 15 OF THE BANKRUPTCY CODE
WITH RESPECT TO TIANJI HOLDING LIMITED**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

I, Jimmy Fong, to the best of my information and belief, state as follows:

1.      I am over the age of 18 and, if called upon, could testify to all matters set forth in

---

[1] The Debtors in these Chapter 15 Cases are (i) China Evergrande Group, incorporated in the Cayman Islands as an exempted company with limited liability with the registration number 170388, with its principal place of business located at 15th Floor, YF Life Centre, 38 Gloucester Road, Wanchai, Hong Kong; (ii) Tianji Holding Limited, incorporated in Hong Kong as a limited liability company with the registration number 1339269, with its principal place of business located at 17th Floor, One Island East, Taikoo Place, 18 Westlands Road, Quarry Bay, Hong Kong; and (iii) Scenery Journey Limited, incorporated in the British Virgin Islands ("BVI") as a limited liability company with the company number 1970476, with its principal place of business located at 2nd Floor Water's Edge Building, Wickham's Cay II, Road Town, Tortola, BVI.

this declaration (this "<u>Declaration</u>").[2]  In accordance with Board Resolution (as defined herein) of Tianji Holding Limited ("<u>Tianji</u>" or the "<u>Debtor</u>"), I was appointed as the authorized representative of Tianji.  Moreover, I am the Company Secretary for China Evergrande Group ("<u>Evergrande</u>"), Tianji's indirect parent company.  Consistent with these roles, I have gained knowledge of Tianji's history, day-to-day operations, assets, financial condition, business affairs, and books and records.  All facts set forth in this Declaration are based upon (a) my personal knowledge; (b) my review of relevant documents and any and all documents prepared and/or filed in connection with the Tianji Hong Kong Proceeding and the above-captioned Chapter 15 cases (the "<u>Chapter 15 Cases</u>"); (c) information supplied to me by the officers, directors, employees or professionals retained by Tianji; or (d) based upon my experience and knowledge of Tianji's assets and financial condition.

2.      I am making this Declaration in accordance with section 1515 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

3.      Tianji is the subject of a restructuring proceeding entitled *In the Matter of Tianji Holding Limited* (the "<u>Tianji Hong Kong Proceeding</u>"), concerning a scheme of arrangement (the "<u>Tianji Hong Kong Scheme</u>") between Tianji and certain Scheme Creditors (as defined herein), currently pending before the High Court of Hong Kong (the "<u>Hong Kong Court</u>") (Case Number HCMP 1090/2023).

---

[2]  Capitalized terms used but not defined have such meanings set forth elsewhere in this Declaration, the Recognition Motion (as defined herein), or the Tianji Explanatory Statement (as defined herein), as applicable.

4.      On August 14, 2023, the Debtor's Board (as defined herein) passed the Board Resolution authorizing me to take certain actions as necessary to act as Tianji's foreign representative in connection with the Chapter 15 Cases as they relate to Tianji.

5.      I submit this Declaration in support of the (a) Chapter 15 *Petition for Recognition of a Foreign Proceeding* with respect to Tianji (the "Tianji Chapter 15 Petition"); (b) *Motion for (I) Recognition of Foreign Main Proceedings, (II) Recognition of Foreign Representatives, and (III) Related Relief under Chapter 15 of the Bankruptcy Code* (the "Recognition Motion"); and (c) *Motion Pursuant to Federal Rules of Bankruptcy Procedure 2002 and 9007 Requesting Entry of an Order (I) Scheduling the Recognition Hearing, and (II) Approving the Form and Manner of Service of Notice* (the "Scheduling Motion"), each filed contemporaneously herewith.[3]

6.      As further detailed herein, a series of events have placed certain Chinese property developers, including the Group (as defined herein), under financial stress and created impediments to addressing certain payment maturities.  The relief requested of this Court and the financial restructuring effectuated through the Chapter 15 Cases, and the corresponding Tianji Hong Kong Proceeding is a meaningful step to right-size the Group's balance sheet and place it in a position for long-term success to the benefit of the Group's employees, creditors, customers, vendors, and all of its stakeholders.

---

[3] Reference is made to the *Declaration of Sidley Austin LLP as Hong Kong Counsel to Evergrande and Tianji in Support of the Motion for (I) Recognition of Foreign Main Proceedings, (II) Recognition of Foreign Representatives, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code With Respect to Debtors Evergrande and Tianji* (the "Hong Kong Counsel Declaration").

**BACKGROUND**

I.    **Debtors' Business Operations and Preexisting Capital Structure**

7.    China Evergrande Group ("Evergrande") (formerly known as Evergrande Real Estate Group Limited) was incorporated in the Cayman Islands under the Cayman Companies Act as an exempted company with limited liability on June 26, 2006.  Tianji, an indirect non-wholly owned subsidiary of Evergrande, was incorporated in Hong Kong under Part XI of the predecessor Hong Kong Companies Ordinance (Cap. 32 of the Laws of Hong Kong) as a limited liability company on May 19, 2009.[4]

8.    Evergrande is the ultimate holding company of a group of companies comprising Tianji and certain of Evergrande's other direct and indirect subsidiaries, including, without limitation, Scenery Journey Limited ("Scenery Journey" and together with Evergrande and Tianji, the "Debtors"), and certain subsidiaries who guarantee certain of the Group Existing Debts (as defined herein) (collectively, the "Subsidiary Guarantors") with respect to the Debtors (collectively, the "Group").  The Group carries on business through operating subsidiaries and engages principally in property development, property investment, property management, new energy vehicle development and production, and cultural tourism business in China.

9.    As of December 31, 2022, Tianji had total indebtedness of approximately $12 billion, comprising of Tianji's obligations (1) as an obligor and/or guarantor pursuant to (i) a Tianji guarantee in relation to the Lake Notes; (ii) a HK$575 million put option granted by Tianji in relation to shares of Clear Star Investments Limited; (iii) a $258 million put option granted by Tianji in relation to shares of Sky Joy Holdings Limited; (iv) a $258 million put option granted by

---

[4] Additionally, Scenery Journey (as defined herein), Tianji's direct wholly owned subsidiary, which is subject to a parallel and inter-conditional proceeding with Tianji, was incorporated in the British Virgin Islands under the BVI Companies Act as a limited liability company on February 12, 2018.

Tianji in relation to a private loan borrowed by Sky Joy Holdings Limited; (v) a HK$7.6 billion loan, due November 24, 2023, borrowed, by Tianji pursuant to a facilities agreement dated November 21, 2020; (vi) approximately HK$1.4 billion put options in relation to a project located in Tuen Mun, Hong Kong; and (vii) an intercompany balance owed by Tianji to Evergrande in an amount equal to $5 billion (collectively, the "Tianji Other Debts"), and (2) as a guarantor of the New York law-governed Scenery Journey Existing Notes (together with the Tianji Other Debts, the "Tianji Existing Debts", and the Tianji Existing Debts, together with the Evergrande Existing Debts and Scenery Journey Existing Notes, the "Existing Debts").  The Tianji guarantees of the Scenery Journey Existing Notes are the only Tianji Existing Debts governed by United States (*i.e.*, New York) law.

## II.    Events Preceding the Commencement of the Tianji Hong Kong Proceeding

10.    The Group historically adopted a high-debt, high-leverage, high-turnover model to expand operations, which created substantial debt risks that inflated the debt burden of the Group and resulted in deterioration of capital with respect to its main sector of real estate business.  Since the second half of 2021, Evergrande's real estate transaction volumes and the area sold and amount of sales have declined leading to reduced cash generation, while the Group has experienced liquidity pressures due to limited access to external capital.

11.    Since 2021, the Group has been actively engaging with its customers, suppliers, creditors, and shareholders to stabilize its credit lines and day-to-day operations.  It implemented further measures by reducing capital expenditures and other expenses such as management remuneration.

12.     Additionally, as of December 2021, the Group has introduced several initiatives to reduce operational costs and increase efficiency. These initiatives included streamlining the organization and consolidating job posts.

13.     The Group has since prioritized the resumption of construction and production, in order to ensure the delivery of property units. To facilitate these efforts, the Group has maintained close communication with upstream and downstream business partners as well as relevant creditors, and has received significant support.

14.     On December 2, 2021, Tianji received a demand to perform its obligations under its guarantee of the Lake Notes, with which Tianji failed to comply. Tianji's failure to perform its obligations under this guarantee constituted events of default under the indentures governing the Lake Notes (the "Lake Notes Events of Default"). Tianji has since ceased to make payments for the principal and interest amounts due under the Lake Notes. Moreover, Tianji's failure to perform its obligations under such guarantee in turn constituted events of default under the indentures governing the Scenery Journey Existing Notes (the "Scenery Journey Existing Notes Events of Default").

15.     I understand there have also been payment defaults, cross defaults and/or other events of default in relation to certain of the Group's debts (the "Group Existing Debts", and such defaults, together with the Lake Notes Events of Default and the Scenery Journey Existing Notes Events of Default, the "Group Events of Default"). Further, certain creditors of the Group Existing Debts have sought to enforce the relevant security, including by appointing receivers and/or enforcing share charges, as provided for under the relevant transaction documents.

16.     Against this backdrop, the Group has been working closely with its stakeholders, including onshore as well as offshore creditors, to formulate a holistic restructuring. The Group

promptly commenced discussions with certain ad hoc groups of holders of certain of the Group

Existing Debts, as constituted from time to time (each, an "Ad Hoc Group", and collectively, the

"Ad Hoc Groups") to explore a consensual resolution for the Group Events of Default.

17.     Following extensive and thorough consideration, consultation, and negotiation, the

Debtors determined that a restructuring is in the best interests of the Debtors and those with an

economic interest in the Debtors, in particular, the Scheme Creditors.  Accordingly, (i) Evergrande

entered into that certain restructuring support agreement, dated as of April 3, 2023, with certain

holders of the Class A Debt (the "Class A RSA") and that certain restructuring support agreement,

dated as of April 3, 2023 with certain holders of the Class C Debt (the "Class C RSA" and together

with the Class A RSA, the "Evergrande RSAs"); (ii) Scenery Journey entered into that certain

restructuring support agreement, dated as of April 3, 2023, with certain holders of the Scenery

Journey Existing Notes (the "Scenery Journey RSA"); and (iii) Tianji entered into that certain

restructuring support agreement, dated as of April 3, 2023, with certain holders of the Tianji

Existing Debts (the "Tianji RSA", and together with the Evergrande RSAs and the Scenery

Journey RSA, the "RSAs").[5]

18.     Under the terms of the Tianji RSA, the Scheme Creditors will receive, among other

things, certain rights and interests in the new consideration to be distributed to Scheme

Creditors (and/or their designated recipients, as applicable) under and pursuant to the terms

of the Tianji Hong Kong Scheme.

19.     As of July 31, 2023, certain Scheme Creditors holding an aggregate principal

amount of approximately $5.2 billion of the Tianji Existing Debts (representing approximately

---

[5] The summary of the RSAs provided herein is qualified in its entirety by reference to the RSAs themselves.  In the case of any conflict between the summary provided herein and the RSAs, the RSAs will govern in all respects.

71.66% of the aggregate outstanding principal amount of all such debts) had acceded to the Tianji RSA.

**III.    Description of the Tianji Hong Kong Scheme and Issuance of the Tianji New Notes**[6]

20.    Under the Tianji Hong Kong Scheme, Tianji seeks to restructure its liabilities under the Tianji Existing Debts.  The effect of the Tianji Hong Kong Scheme will be, subject to the terms of the Tianji Hong Kong Scheme, to release the claims of creditors of Tianji who have claims under the Tianji Existing Debts (the "<u>Scheme Creditors</u>") against Tianji, in respect of the liability of Tianji, among other things, arising directly or indirectly pursuant to, under, or in connection with the Tianji Existing Debts, as more fully described below.

21.    In return, each applicable Scheme Creditor will be entitled to receive its pro rata share of four tranches of new notes with an aggregate principal sum of $800 million (the "<u>Scheme Consideration</u>").

22.    In particular,  Tianji will be issuing new notes (the "<u>Tianji New Notes</u>"), including:

   i.    <u>Tranche A</u>:  Secured notes bearing interest at 6.0/7.0% p.a. due five years from the earlier of (i) October 1, 2023 or (ii) the applicable Restructuring Effective Date (the "<u>Tianji Reference Date</u>") with an original principal amount of $100 million to be issued by Tianji;

   ii.    <u>Tranche B</u>:  Secured notes bearing interest at 6.5/7.5% due six years from the Tianji Reference Date with an original principal amount of $200 million to be issued by Tianji;

   iii.    <u>Tranche C</u>:  Secured notes bearing interest at 7.0/8.0% due seven years from the Tianji Reference Date with an original principal amount of $300 million to be issued by Tianji; and

---

[6] The summaries of the Tianji Hong Kong Scheme and the Tianji New Notes provided herein are qualified in their entirety by reference to the Tianji Hong Kong Scheme and the applicable indentures with respect thereto (the "<u>Tianji New Note Indentures</u>").  In the case of any conflict between the summaries provided herein and the Tianji Hong Kong Scheme or the Tianji New Note Indentures, the Tianji Hong Kong Scheme or the Tianji New Note Indentures, as applicable, will govern in all respects.

iv.    <u>Tranche D</u>:  Secured notes bearing interest at 7.5/8.5% due eight years from the Tianji Reference Date with an original principal amount of $200 million to be issued by Tianji.

23.    I understand that in exchange for the compromises set forth in the Tianji Hong Kong Scheme and the Tianji Scheme Consideration:

i.    The obligations of Tianji under the Tianji Existing Debts will be fully and finally discharged and released (but to the extent other obligors remain on the Tianji Existing Debts, such obligors will not be released in connection with the Tianji Hong Kong Scheme);

ii.    The Ancillary Claims[7] with respect to the Tianji Hong Kong Scheme will have been fully and finally released; and

iii.    The Restructuring Claims[8] with respect to the Tianji Hong Kong Scheme will have been fully and finally released.

24.    In connection with the releases described in the immediately preceding paragraphs, Tianji will, for and on behalf of the Scheme Creditors, execute applicable deeds of releases and the respective rights and the pre-scheme obligations of persons affected by the Tianji Hong Kong

---

[7] "<u>Ancillary Claims</u>" means, with respect to the Tianji Hong Kong Scheme (capitalized terms as defined in the Tianji Hong Kong Scheme) any Claim by a Scheme Creditor against a Released Person under or in respect of the Existing Debt Instruments arising as a result of effecting, adhering to or complying with the releases in Clause 24.2(a)(i) (Releases) of the Scheme (excluding for the avoidance of doubt any Claim in respect of any Liability (i) of any Released Person which arises as a result of a failure to comply with any of the terms of this Scheme or any Restructuring Document (including but not limited to the New Instruments Documents) and (ii) arising from or in connection with any Excluded Liability or Excluded Collateral.  The "<u>Released Persons</u>" with respect to the Tianji Hong Kong Scheme (capitalized terms as defined in the Tianji Explanatory Statement) are: (i) the Company, (ii) the SJ Notes Trustee, the SJ Notes Depositary, and the SJ Notes Paying and Transfer Agent and Registrar, (iii) the Lake Notes Trustee and Agent and Existing Agents; (iv) the New Instruments Depositary, the New Instruments Paying and Transfer Agent and Registrar, and the New Instruments Trustee and the New Instruments Collateral Agent, (v) the Holding Period Trustee, (vi) the Information Agent, (vii) the Scheme 140 Administrators, (viii) the Scheme Adjudicator, (ix) the Advisors, (x) each member of the AHG and any of its respective managers and investment managers' and investment advisors' respective Affiliates and funds) (in each case, including any of its respective directors, managers or officers), (xi) the AHG Advisors; and, regarding each of the above, includes each of their respective predecessors, successors and assigns (where applicable) and their respective Personnel, and their respective advisors and in their capacities as such, and "Released Person" shall be construed accordingly.

[8] "<u>Restructuring Claims</u>" means, broadly, any claim against a Released Person in relation to the negotiation or implementation of the Restructuring, except for fraud, willful default or willful misconduct.

Scheme will terminate (subject to the exclusion of certain liabilities and collateral as noted herein and in the Tianji Explanatory Statement).

25.    Additional information about the Tianji Hong Kong Scheme is set forth in the explanatory statement for the Tianji Hong Kong Scheme (as supplemented from time to time, the "Tianji Explanatory Statement").[9]

26.    I understand that if the Tianji Hong Kong Scheme is approved by the requisite majorities of creditors and sanctioned by the Hong Kong Court and a copy of the Sanction Order (as defined herein) is filed with the Hong Kong Registrar of Companies (the "Hong Kong Registrar"), the Tianji Hong Kong Scheme will bind all applicable Scheme Creditors, including those creditors who voted in favor of the Tianji Hong Kong Scheme, those creditors who voted against it, and those creditors who did not vote at all.

IV.    **Commencement of the Tianji Hong Kong Proceeding**

27.    On July 12, 2023, Tianji filed a petition with the Hong Kong Court, a true and correct copy of which is attached to the Hong Kong Counsel Declaration as Exhibit A (the "Scheme Petition"), commencing the Tianji Hong Kong Proceeding, and seeking, among other things, an order directing Tianji to convene a meeting in respect of the Tianji Hong Kong Scheme (the "Scheme Meeting") for the applicable Scheme Creditors, which is scheduled to occur on August 22, 2023 in Hong Kong and requesting a convening hearing (the "Convening Hearing").

28.    On July 14, 2023, Tianji issued a practice statement letter to the relevant Scheme Creditors informing such Scheme Creditors that the Debtor had filed the Scheme Petition and that the Convening Hearing had been scheduled for July 24, 2023 (the "Practice Statement

---

[9] A copy of the Tianji Explanatory Statement, as made available to applicable Scheme Creditors on July 31, 2023 (following the applicable Convening Hearing (as defined herein)) and as supplemented on August 16, 2023, is attached as Exhibit D to the Hong Kong Counsel Declaration.

Letter"). The Practice Statement Letter is attached to the Hong Kong Counsel Declaration as Exhibit B.

29. Following the Convening Hearing, which occurred on July 24, 2023, the Hong Kong Court entered the order (the "Convening Order") scheduling the Scheme Meeting for August 22, 2023[10] and scheduling the hearing to sanction the Tianji Hong Kong Scheme for September 5-6, 2023 at 10:00 a.m. (prevailing Hong Kong Time) (the "Sanction Hearing"). The Convening Order is attached to the Hong Kong Counsel Declaration as Exhibit C.

30. In accordance with the Convening Order and section 671 of the Hong Kong Companies Ordinance, appliable notice of the Scheme Meeting, the Tianji Hong Kong Scheme, the Tianji Explanatory Statement, and applicable solicitation materials were provided to the applicable Scheme Creditors by Morrow Sodali Limited, in its capacity as Tianji's notification and information agent for the Tianji Hong Kong Scheme ("Morrow Sodali") and to Blocked Scheme Creditors (as defined in the Tianji Hong Kong Scheme) by GLAS Trustees Limited ("GLAS"). Such documents were provided or made available: (a) on the following website maintained by Morrow Sodali: https://projects.morrowsodali.com/evergrande; (b) on Evergrande's website: https://www.evergrande.com; (c) through the Euroclear Bank SA/NV and Clearstream Banking S.A. clearing systems, as applicable; and (d) by causing Morrow Sodali to send the notices via electronic mail to each Scheme Creditor for whom Morrow Sodali has contact information or by causing GLAS to send the notice via electronic mail to each Blocked Scheme Creditor. Further, the Scheme Creditors were notified of the Scheme Meeting through announcements on HKEX and the Singapore Exchange Securities Trading Limited (the "SGX-ST").

---

[10] As described in the supplemented Tianji Explanatory Statement provided to the Scheme Creditors on August 16, 2023, Tianji announced that the Scheme Meeting is intended to be adjourned upon commencement thereof to August 28, 2023.

31.     In addition, the Hong Kong Court authorized and appointed Patrick Cowley of KPMG Advisory (Hong Kong) Limited as the Scheme Chairperson.

32.     The provisions of the Convening Order ensured that the applicable Scheme Creditors were notified properly of the Scheme Meeting and will have the opportunity to raise questions and objections to the Tianji Hong Kong Scheme at the Scheme Meeting and the Sanction Hearing. As noted, pursuant to the terms of the Convening Order, in advance of the Scheme Meeting, Tianji, through Morrow Sodali or GLAS, as applicable, will provide access to the Tianji Explanatory Statement and other documents related to the Tianji Hong Kong Scheme enumerated in the Convening Order to the beneficial holders of the Tianji Existing Debts in addition to notice through the applicable clearing systems, and through announcement on the HKEX and SGX-ST, as applicable, and via electronic mail to each Scheme Creditor for whom Morrow Sodali has contact information.  All applicable Scheme Creditors may have the opportunity to attend, be heard, and vote at the Scheme Meeting, in person, by authorized representative (if a corporate entity), or by proxy and to ask questions regarding the proposed Tianji Hong Kong Scheme.

33.     Further, if the Tianji Hong Kong Scheme is approved at the Scheme Meeting, Tianji, through Morrow Sodali or GLAS, as applicable, will provide notice to the applicable Scheme Creditors, informing them that the Tianji Hong Kong Scheme was approved and an upcoming Sanction Hearing is scheduled.  Such Scheme Creditors will also be informed that they can attend and raise any issues or objections at the Sanction Hearing.  In anticipation of the Sanction Hearing, the Scheme Chairperson will file a report on the Scheme Meeting.

34.     Assuming that the Hong Kong Court deems it appropriate to enter an order sanctioning the Tianji Hong Kong Scheme following the Sanction Hearing (the "Sanction Order"), the Sanction Order is expected, among other things, to (i) sanction and approve consummation of

the Tianji Hong Kong Scheme and (ii) authorize the Restructuring set forth in the Tianji Hong Kong Scheme. Upon delivery of the Sanction Order to the Hong Kong Registrar, and subject to certain additional conditions (as defined in the Tianji Hong Kong Scheme, the "Restructuring Effective Date"), the Tianji Hong Kong Scheme will become effective and thereby binding on all applicable Scheme Creditors.

35.     On August 14, 2023, Tianji's sole director (the "Board") approved a resolution, a copy of which is attached hereto as **Exhibit A** (the "Board Resolution"), appointing me as the Foreign Representative for Tianji and authorizing me to commence the Chapter 15 Case for Tianji.

36.     Accordingly, the historical and expected timeline for the Tianji Hong Kong Proceeding and these Chapter 15 Cases is summarized below.

| Key Events | Date |
|---|---|
| Convening Hearing | July 24, 2023 |
| Convening Order | July 24, 2023 |
| Chapter 15 Petition Date | August 17, 2023 |
| Scheme Meeting | August 22, 2023 and August 28, 2023 |
| Sanction Hearing | September 5 - 6, 2023 |
| Proposed Chapter 15 Recognition Hearing | September 20, 2023 |
| Anticipated Restructuring Effective Date | October 2, 2023 |

37.     As the Tianji Hong Kong Proceeding is ongoing in parallel to these Chapter 15 Cases, with the Scheme Meeting scheduled for August 22 and August 28, 2023, and the Sanction Hearing expected to be heard on or about September 5 - 6, 2023, a supplemental declaration will be filed to update the Court on the status of the Tianji Hong Kong Proceeding and the outcomes

of the Scheme Meeting and the Sanction Hearing, as applicable, in advance of the Recognition

Hearing.

### STATUS AS FOREIGN REPRESENTATIVE AND OF FOREIGN PROCEEDINGS SATISFIES BANKRUPTCY CODE PROVISIONS

**I.      Appointment as Foreign Representative and Filing of the Tianji Chapter 15 Petition**

38.     I have been informed by Tianji's legal advisors that a Chapter 15 proceeding is

commenced by the filing of a petition for recognition (and related documents) by

the "foreign representative."  I was further informed that under section 1516(a) of the Bankruptcy

Code, a bankruptcy court may presume that the person petitioning for Chapter 15 recognition is a

foreign representative if the decision or certificate from the foreign court so indicates.  I understand

that "foreign representative" is defined in section 101(24) of the Bankruptcy Code to mean:

> . . . a person or body, including a person or body appointed on an
> interim basis, authorized in a foreign proceeding to administer the
> reorganization or the liquidation of the debtor's assets or affairs or
> to act as a representative of such foreign proceeding.

11 .S.C. § 101(24).

39.     I have been authorized by the Board Resolution to act as Tianji's agent

(the "Foreign Representative") in seeking any relief available to a "foreign representative" under

chapter 15 of the Bankruptcy Code, including, among other things, to seek recognition of the

Scheme.

40.     In light of the statutory presumption embodied in section 1516(a) of the Bankruptcy

Code noted above, the Bankruptcy Code's definition of "foreign representative," and the Board

Resolution, I believe that I satisfy the requirements to serve as the Foreign Representative of the

Tianji Hong Kong Proceeding.

41.     Tianji has property in the United States in the form of a retainer with the Debtor's

U.S. counsel, Sidley Austin LLP, which funds are held in a client trust account in New York, New

York.  Moreover, Tianji has submitted to New York jurisdiction pursuant to its guarantee of the Scenery Journey Existing Notes  Therefore, on the date hereof, in my capacity as the Foreign Representative, I caused to be filed the Tianji Chapter 15 Petition pursuant to sections 1504 and 1515 of the Bankruptcy Code commencing this Chapter 15 Case in the Southern District of New York, seeking recognition of the Tianji Hong Kong Proceeding as a "foreign main proceeding," as such term is defined in section 1502(4) of the Bankruptcy Code, or in the alternative as a "foreign nonmain proceeding," as such term is defined in section 1502(5) of the Bankruptcy Code, and seeking other necessary or appropriate relief in support of the Tianji Hong Kong Proceeding.

42.    I believe that recognizing me as a "foreign representative" as defined in section 101(24) of the Bankruptcy Code and recognition of the Tianji Hong Kong Proceeding as a "foreign main proceeding" or, in the alternative, a "foreign non-main proceeding" is consistent with the purpose of chapter 15 and will allow the Debtor to restructure in the most efficient manner without jeopardizing the creditors' rights.

43.    I believe that Tianji's Chapter 15 Case will enable Tianji to achieve the objectives of the Tianji Hong Kong Scheme by (i) ensuring that the parties in interest to the Restructuring, including Tianji and the Scheme Creditors are treated in the United States consistent with the intentions of the Tianji Hong Kong Scheme; (ii) ensuring that the Restructuring is binding, valid, and enforceable in the United States; and (iii) minimizing the risk of litigation over any potential residual claims that might exist under the Tianji Existing Debts or ancillary documents related to the Tianji Existing Debts.

**II.    The Tianji Hong Kong Proceeding Is a Foreign Main Proceeding**

44.    For the reasons set forth below, I believe that the Tianji Hong Kong Proceeding is a "foreign main proceeding" within the meaning of section 1502(4) of the Bankruptcy Code.

45.    I am informed that "foreign proceeding" is defined in section 101(23) of the Bankruptcy Code to mean:

> [C]ollective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the Debtors are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation ….

11  U.S.C. § 101(23).

46.    I believe that the Tianji Hong Kong Proceeding falls within the foregoing definition.  As more fully explained in the Hong Kong Counsel Declaration, the Tianji Hong Kong Proceeding is (i) a collective judicial proceeding, (ii) in Hong Kong, and (iii) is governed by the Hong Kong statute applicable to schemes of arrangement, the Hong Kong Companies Ordinance (Chapter 622 of the Laws of Hong Kong ).  In the Tianji Hong Kong Proceeding, the Debtor's assets and affairs are subject to the control or supervision of the Hong Kong Court.  The purpose of the Tianji Hong Kong Scheme is to effectuate a restructuring of the Tianji Existing Debts.  Specifically, the Scheme Creditors will release Tianji and the applicable Subsidiary Guarantors, among others, from their respective obligations and liabilities under or in connection with the Tianji Existing Debts and will receive their applicable share of the Scheme Consideration.

47.    I am also informed that section 1517(b)(1) of the Bankruptcy Code provides that a foreign proceeding shall be recognized as a "foreign main proceeding" if the foreign proceeding is pending in the country where the debtor has "the center of its main interests" ("COMI").  I am informed that COMI is not defined in chapter 15, but section 1516(c) of the Bankruptcy Code

provides that "[i]n the absence of evidence to the contrary, the debtor's registered office, or habitual residence in the case of an individual, is presumed to be the center of the debtor's main interests."

48.    Tianji's registered office is located in Hong Kong, which I understand creates a presumption that Hong Kong is the COMI for Tianji.  Additional factors, however, further support the conclusion that Hong Kong is the COMI for the Debtor, including:

(a)    **Debtor Activities in Hong Kong.**  Tianji's sole director is located in Hong Kong and has signed written board resolutions in Hong Kong.  Further, Tianji is a Hong Kong tax resident with most of its administrative functions conducted in Hong Kong. Several of the subsidiaries owned by Tianji hold interests in real property in Hong Kong. Tianji also has bank accounts in Hong Kong, which it uses to pay its creditors and service providers. Moreover, when Tianji guaranteed certain of the Tianji Existing Debts, its advisors were based in Hong Kong.

(b)    **Restructuring Activities in Hong Kong.**  From September 2021 (marking the appointment of financial and legal advisers for the restructuring), restructuring negotiations became Tianji's dominant activity. As a holding company, Tianji had few or no operational activities outside of Hong Kong after restructuring activities began. The advisors to Tianji each have Hong Kong offices and were led by Hong Kong-situated personnel. Meetings were held in Hong Kong or virtually with significant participation by Hong Kong parties, including the Ad Hoc Group with respect to the Tianji Existing Debts, which comprises of 22 members, seven of which are based in Hong Kong.

(c)    **Expectation and Support of Creditors.**  The Tianji RSA, moreover, specifically disclosed the possibility of the commencement of a Hong Kong scheme of arrangement by Tianji.

Moreover, holders of approximately seventy-two percent (72%) of the Tianji Existing Debts expressly agreed to support a Hong Kong restructuring pursuant to the Tianji RSA and the relevant Scheme Creditors overwhelmingly support Tianji's Restructuring with approximately seventy-two percent (72%) of Tianji Existing Debt holders having delivered instructions to vote in favor of the Tianji Hong Kong Scheme.  No Scheme Creditor has to date raised issues about the propriety of Hong Kong as the COMI of Tianji or about any actions of management in proffering a Hong Kong COMI and establishment in Hong Kong.

### III. Alternatively, the Tianji Hong Kong Proceeding Is a Foreign Nonmain Proceeding

49.     In the event that the Court concludes that the Debtor's COMI is not Hong Kong, I believe that this Court should recognize the Tianji Hong Kong Proceeding as a "foreign nonmain proceeding."  I am informed that a foreign nonmain proceeding takes place in a jurisdiction that is not the entity's center of main interests, but where it has an "establishment," as defined as "any place of operations where the debtor carries out a nontransitory economic activity." 11 U.S.C. §§ 1502(2), (5).

50.     As set forth above, Tianji's main activity since 2021 has been restructuring negotiations which are centralized in Hong Kong, its sole director is in Hong Kong, its administrative functions are mostly in Hong Kong, and it has bank accounts in Hong Kong.

### IV. Statement Pursuant to Section 1515 of the Bankruptcy Code

51.     I am informed that section 1515 of the Bankruptcy Code provides, in pertinent part, as follows:

> (a)     A foreign representative applies to the court for recognition of a foreign proceeding in which the foreign representative has been appointed by filing a petition for recognition.
>
> (b)     A petition for recognition shall be accompanied by—
>
> > 1)     a certified copy of the decision commencing such foreign proceeding and appointing the foreign representative;
> >
> > 2)     a certificate from the foreign court affirming the existence of such foreign proceeding and of the appointment of the foreign representative; or
> >
> > 3)     in the absence of evidence referred to in paragraphs (1) and (2), any other evidence acceptable to the court of the existence of such foreign proceeding and of the appointment of the foreign representative.
>
> (c)     A petition for recognition shall also be accompanied by a statement identifying all foreign proceedings with respect to the debtor that are known to the foreign representative.

11  .S.C. § 1515.

52.     As noted above, the Board Resolution appointing me as Foreign Representative for this Chapter 15 Case and authorizing me to commence this Chapter 15 Case is attached hereto as **Exhibit A**.[11]

53.     Pursuant to section 1515(c) of the Bankruptcy Code, I am aware of the definition of a "foreign proceeding" under section 101(23) of the Bankruptcy Code, and I believe that the Tianji Hong Kong Proceeding is a "foreign proceeding" as defined therein.  I am aware of no other foreign proceedings with respect to Tianji.

*[Remainder of page intentionally left blank.]*

---

[11] Additionally, the Scheme Petition and the Convening Order are attached to the Hong Kong Counsel Declaration in Exhibits A and C, respectively.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: August 17, 2023

*/s/ Jimmy Fong*
Jimmy Fong
Foreign Representative
Tianji Holding Limited

**<u>Exhibit A</u>**

**Board Resolution**

本文中英对照，其中文译本仅供参考，如有歧义，概以英文版本为准。

**TIANJI HOLDING LIMITED**
**天基控股有限公司**
(the "**Company**")
("**本公司**")
*(Incorporated in Hong Kong with limited liability)*
*(于香港注册成立的有限责任公司)*

**WRITTEN RESOLUTIONS OF THE SOLE DIRECTOR OF THE COMPANY MADE PURSUANT TO ARTICLE 107 OF THE ARTICLES OF ASSOCIATION OF THE COMPANY**

根据本公司公司章程第 107 条由本公司唯一董事作出的书面决议

I, the undersigned, being the sole director of the Company (the "**Director**") for the time being, DO HEREBY ADOPT THE FOLLOWING :-

本人，为签字人，目前为本公司的唯一董事（"**董事**"），特此通过以下：-

**1    DECLARATIONS OF INTEREST**

**董事之利益披露**

**IT IS NOTED THAT** the Director had confirmed that he had disclosed his interest (if any) in the Restructuring and/or the Restructuring Documents (as defined below), as required by the Articles of Association of the Company (the "**Articles**") or under any law applicable to the Company. The Director was not, as a result of such interests (if any), prohibited from voting on any resolution in respect of the matters hereinbelow contemplated in accordance with the Articles and the applicable laws.

**知悉**董事确认其已按照本公司章程（"**章程**"）或适用于本公司的任何法律披露了其在重组和/或重组文件（定义见下文）中的利益（如有）。根据章程和适用法律，董事并未因该等利益（如有）而被禁止就与有关下文拟定的任何决议进行投票。

**2    FOREIGN REPRESENTATIVE**

**外国代表**

2.1    **IT IS NOTED THAT**, by resolutions of the Director dated 17 July 2023 (the "**July 17 Resolutions**"), it was noted, among other things, that owing to unexpected liquidity issues arising from the adverse impact of a number of factors including, principally, an adverse turn in the macroeconomic environment, the downturn in the Chinese real estate sector, and the effects of the COVID-19 pandemic, China Evergrande Group and some of its subsidiaries, including the Company (the "**Group**"), are in default of certain of their obligations, and the Group has been assessing its financial position and working with its legal and financial advisers to formulate an overall restructuring plan that takes into account the interests of its offshore and onshore creditors including consideration of the Restructuring of the Company's "Existing Debts" (as defined in the July 17 Resolutions), and following such considerations, together with discussions with its principal stakeholders and assessment of the financial position of the Company and the Group, the Company intends to implement a restructuring of the Existing Debts by way of the scheme of arrangement pursuant to section 670, 673, and 674 of the Companies Ordinance (Chapter 622 of the Laws of Hong Kong) (the "**Scheme**"), which will be further subject to a recognition proceeding before a United States Bankruptcy Court (the "**U.S. Court**") pursuant to chapter 15 of the United

States Bankruptcy Code (the "**Chapter 15 Recognition Proceeding**") and if appropriate, proceedings before the High Court of the British Virgin Islands (the "**BVI Court**") for orders in aid of the Scheme (the "**BVI Part XIX Proceedings**") pursuant to Part XIX of the BVI Insolvency Act, 2023 (as amended (the "**BVI Insolvency Act**"), and further it was resolved, among other things, (i) that the Company's predominant activity since the commencement of restructuring negotiations has been restructuring, that those activities have been focused and conducted primarily in Hong Kong and that the Company believes that Hong Kong has become its centre of main interests, that its creditors agree, that no comparable restructuring process is available in the PRC and that if the scheme cannot be implemented the likely outcome will be insolvent liquidation, (ii) that the Restructuring and the entry into of the Restructuring Documents and the Proposed Documents (each as defined in the July 17 Resolutions) and any associated transactions and documents are to the commercial benefit and advantage of the Company, will promote the success of the Company and all relevant stakeholders including its creditors, and are in the best interests of the Company and the Group, and (iii) that the originating summons in respect of the Scheme filed with the Court on 12 July 2023 were approved and ratified.

现注明，根据日期为 2023 年 7 月 17 日的唯一董事决议（"**7 月 17 日决议**"），董事注意到，出于意料之外的现金流问题（源于多项不利影响因素，主要包括宏观经济环境转差、中国房地产行业不景气及新冠肺炎大流行等），中国恒大集团及其部分子公司，包括本公司（统称"**本集团**"），未未能履行其若干债务责任；本集团持续评估其财务状况，并与其法律及财务顾问合作制订整体重组计划，以考虑其境外及境内债权人的利益，包括对本公司的该等现有债务（如 7 月 17 日决议的定义）进行拟议重组的考虑；经考虑上述因素，连同与其主要利益相关者的讨论及对本公司及本集团财务状况的评估，本公司拟以"协议安排"的方式重组该等现有债务，其中包括根据香港法例第 622 章《公司条例》第 670 条、第 673 条及第 674 条进行的协议安排 （简称"**协议安排**"），并将进一步寻求美国破产法院（简称"**美国法院**"）根据《美国破产法》第 15 章进行的认可程序（简称"**第 15 章认可程序**"）；及如适用，根据《2003 年英属维尔京群岛破产法（经修订）》（简称"**《BVI 破产法》**"）第 XIX 部在英属维尔京群岛高等法院（简称"**BVI 法院**"）寻求协助该协议安排的法院命令（简称"**BVI 第 XIX 部法律程序**"）；以及，进一步决议包括(i)自重组协商开始以来，本公司的主要活动是重组。这些活动主要集中在香港并主要在香港进行。本公司认为香港已成为其主要利益中心，其债权人同意，在中国内地没有类似的重组程序，如果该协议安排无法实施，可能的结果将是破产清算；(ii)该重组及签订该等重组文件和该等拟议文件（请见 7 月 17 日决议中的定义）以及任何关联交易易和文件，都符合本公司的商业利益和优势，将促进本公司和包括其债权人在内的所有相关利益相关者的成功，并符合本公司和本集团的最佳利益；以及(iii)特此批准及追认已向香港法院提交日期为 2023 年 7 月 12 日有关该协议安排的原诉传票。

2.2    **IT IS NOTED THAT**, the Scheme (clause 40) notes that a person appointed by resolution of the Directors of the Company shall be authorised or ratified to act as the Company's representative on and in connection with any application for recognition and assistance in relation to the Scheme in any jurisdiction and under whatever law, including (without limitation) Chapter 15 of the US Bankruptcy Code and any other law derived from or similar to the UNCITRAL Model Law on Cross-Border Insolvency Proceedings.

现注明，根据协议安排（第 40 条），本公司董事通过决议任命的人士应被授权或追认在任何司法辖区内、根据任何法律（包括（但不限于） 《美国破产法》第 15 章以及源自或类似于联合国《贸

易法委员会跨境破产程序示范法》的任何其他法律），申请承认和协助协议安排中担任本公司的代表。

**3**      **THE RESOLUTIONS**

<u>决议</u>

3.1      After due and careful consideration, **IT WAS RESOLVED** that:

经过适当和仔细的考虑，**决议**以下事项：

(a)      Mr. Fong Kar Chun, Jimmy is appointed as the attorney-in-fact for and on behalf of the Company by way of power of attorney under the seal and is authorised in the name and for the account of the Company to:

方家俊先生经加盖本公司印鉴的授权委托书被授权为事实律师以代为或代表本公司，并且被授权以本公司的名义：

(i)      act as the Company's "foreign representative" (as defined in section 101 of the United States Bankruptcy Code) in respect of the Chapter 15 Recognition Proceeding (the "**Chapter 15 Foreign Representative**");

就第 15 章认可程序担任本公司的 "外国代表"（定义见《美国破产法》第 101 条）（简称"**第 15 章外国代表**"）；

(ii)      seek any relief available to a foreign representative pursuant to the United States Bankruptcy Code in the Chapter 15 Recognition Proceeding;

根据《美国破产法》第 15 章认可程序，寻求外国代表可获得的任何救济；

(iii)      execute and verify or certify a petition under Chapter 15 of the United States Bankruptcy Code, and to cause the same to be filed in the U.S. Court in such form or forms as the Chapter 15 Foreign Representative may approve; and

根据《美国破产法》第 15 章执行、核实或证明呈请书，并促使他人将该呈请书以第 15 章外国代表批准的一种或多种形式提交予美国法院；及

(iv)      execute and file any and all petitions, schedules, motions, lists, applications, pleadings, declarations and other papers, and to take any and all further actions which the Chapter 15 Foreign Representative or the Company's legal counsel may deem necessary or appropriate to seek the voluntary relief available under Chapter 15 of the United States Bankruptcy Code (the "**Chapter 15 Documents**"), and to take any further acts and deeds which any of them deems necessary, proper, or desirable in connection with the Chapter 15 Recognition Proceeding;

签订及提交任何和所有呈请书、附表、动议、清单、申请、诉状、声明和其他文件；并采取第 15 章外国代表或本公司法律顾问认为必要或适当的任何和所有进一步行动，以寻求根据《美国破产法》第 15 章提供的自愿救济（简称 "**第 15 章文件**"），并就第 15 章认可程序采取其认为必要、适当或适宜的任何进一步行为和行动；

(b)     the Director and any director of the Company appointed following the passing of this resolution (insofar as they remain a director of the Company) or any person appointed by resolution of the Directors (by way of power of attorney under the seal or otherwise) be, and is hereby authorised in the name and for the account of the Company to:

董事和任何本公司在本决议做出之后聘用的董事（只要其仍担任本公司董事一职），或者任何经本公司董事会决议（经加盖本公司印鉴或其他方式的授权委托书）授权的人，被特此授权以本公司名义和为了本公司的目的：

(i)     act as the Company's "foreign representative" (as defined in section 466(1) of the BVI Insolvency Act) (the "**Part XIX Foreign Representative**") in respect of the BVI Part XIX Proceedings;

就 BVI 第 XIX 部法律程序担任本公司的 "外国代表"（定义见《BVI 破产法》第 466(1)条）（简称 "**第 XIX 部外国代表**"）：

(ii)     seek any relief available to a foreign representative pursuant to the BVI Insolvency Act in the Part XIX Proceedings;

根据《BVI 破产法》第 XIX 部法律程序，寻求外国代表可获得的任何救济；

(iii)     execute and verify or certify an application or claim under Part XIX of the BVI Insolvency Act, and to cause the same to be filed in the BVI Court in such form or forms as the Part XIX Foreign Representative may approve; and

根据《BVI 破产法》第 XIX 部执行、核实或证明申请或索赔，并促使他人将该呈请书以第 XIX 部外国代表批准的一种或多种形式提交予 BVI 法院；及

(iv)     execute and file any and all applications, claims, pleadings and other papers, and to take any and all further actions which the Part XIX Foreign Representative or the Company's legal counsel may deem necessary or appropriate to seek the relief available under Part XIX of the BVI Insolvency Act (the "**Part XIX Documents**"), and to take any further acts and deeds which any of them deems necessary, proper, or desirable in connection with the BVI Part XIX Proceedings;

签订及提交任何和所有申请、索赔、诉状和其他文件；并采取第 XIX 部外国代表或本公司法律顾问认为必要或适当的任何和所有进一步行动，以寻求根据《BVI 破产法》第 XIX 部提供的救济（简称 "**第 XIX 部文件**"）；并就 BVI 第 XIX 部法律程序采取其任何一位认为必要、适当或适宜的任何进一步行为和行动；

(c)   the Director and any director of the Company appointed following the passing of this resolution (insofar as they remain a director of the Company) or any person appointed by resolution of the Directors (by way of power of attorney under the seal or otherwise) be, and is hereby authorised in the name and for the account of the Company to act as the Company's "foreign representative" (as defined in any other law derived from or similar to the UNCITRAL Model Law on Cross-Border Insolvency Proceedings) (together with the Chapter 15 Foreign Representative and the Part XIX Foreign Representative, such person with respect to such proceeding, the "**Foreign Representative**") on and in connection with any application for recognition and assistance in relation to the Scheme in any jurisdiction and under whatever law;

董事和任何本公司在本决议做出之后聘用的董事（只要其仍担任本公司董事一职），或者任何经本公司董事会决议（经加盖本公司印鉴或其他方式的授权委托书）授权的人，被特此授权以本公司名义和为了本公司的目的在任何司法辖区内、根据任何法律，申请承认和协助协议安排中担任本公司的"外国代表"（定义源自或类似于联合国《贸易法委员会跨国界破产程序示范法》的任何其他法律）（在该等程序中的该人士，連同第 15 章外国代表及第 XIX 部外国代表统称为"**外国代表**"）；

(d)   a *Power of Attorney* in the form as annexed to this resolution in favour of the said attorney-in-fact referred to in the foregoing resolutions and evidencing such appointment be and is hereby approved and the *Power of Attorney* be executed under seal by the Director;

本决议所附形式的授权委托书，以上述决议中提到的事实律师为受益人，并证明该等任命的事宜，已获批准；授权委托书须加盖本公司印鉴并由董事进行签署；

(e)   in connection with, or to carry out the actions contemplated by the resolutions herein, the Foreign Representative and the Director be, and hereby is, authorised in the name and on behalf of the Company to do such further acts and things as the Foreign Representative or such Director shall deem necessary or appropriate, including, without limitation, do and perform (or cause to be done and performed), in the name and on behalf of the Company all such acts and to sign, make, execute, deliver, post, publish, announce, issue or file (or cause to be signed, made, executed, delivered, issued or filed) with any person including any court, governmental authority or agency, all such agreements, documents, instruments, affidavits, affirmations, certificates (including those required in connection with any legal opinion to be given in relation to the issuance of the New Instruments and/or the payment-in-kind notes comprising the Consent Fee and all necessary actions to perfect any security created or to be created, under the Restructuring Documents and the Proposed Documents) and power of attorney under seal, filing any court documents relating to the Chapter 15 Recognition Proceeding, consents or waivers and all amendments to any such agreements, documents, instruments, certificates, consents or waivers and to pay, or cause to be paid, all such payments, as any of them may deem necessary or advisable in order to carry out the intent of the foregoing resolutions, the authority for the doing of any such acts and things and the signing, making, execution, delivery, issue and filing of such of the foregoing to be conclusively evidenced thereby; and

就本决议所拟采取的行动或为采取本决议所拟采取的行动，授权外国代表和董事以本公司的名义并代表本公司进一步采取该外国代表和董事认为必要或适当的行动和事项，包括但

不限于以本公司的名义及代表本公司采取和履行（或促使他人采取和履行）所有该等行动；并与包括任何法院、政府机关或机构在内的任何人士签署、订立、签订、交付、邮寄、发布、宣布、发出或备案（或促使他人签署、订立、签订、交付、发出或备案）所有协议、文件、文书、宣誓书、誓词、证明书（包括根据该等重组文件和该等拟议文件与发行该等新票据及/或包括同意费在内的实物支付票据相关的任何法律意见书以及为完善已设立或将设立的任何抵押品所需的一切必要行动相关的上述文件）和授权委托书、提交任何与第 15 章认可程序相关的任何法院文件、同意书或豁免，以及对任何此类协议、文件、文书、证明书、同意书或豁免的所有修订；支付或促使他人支付任何该外国代表和董事认为对执行上述决议的意向属必要或合适的所有有关款项，而采取任何有关行动和事项及签署、订立、签订、交付、发出和备案上述事项，是对有关权力不可推翻的最终凭证；以及

(f)    any and all actions of the Company, or of the Director or any other officer, or of the Foreign Representative, taken in connection with the actions contemplated by the resolutions herein prior to the execution hereof be and hereby are ratified, confirmed, approved and adopted in all respects as fully as such action(s) had been presented to for approval, and approved by the Company or such Director, prior to such action being taken.

在各方面追认、确认、批准及采纳本公司或其董事或任何其他高级管理人员或外国代表在本会议记录签订前就本会议记录内的决议所拟进行的行动所采取的任何和所有行动，与采取该行动前已提交本公司或该董事批准和已经其批准的行动完全相同。

[*Signature page follows*]

（后为签署页）

6

[*Signature page to the sole director resolutions of Tianji Holding Limited*]
[*天基控股有限公司唯一董事决议签名页*]

Date:
日期:

_____

CHEN Daiping

陈代平

(Sole Director)

(唯一董事)