**SIDLEY AUSTIN LLP**
Anthony Grossi
Ameneh Bordi
Juliana Hoffman* (*pro hac vice* pending)
787 Seventh Avenue
New York, New York 10019
Telephone:  (212) 839-5300
Facsimile:  (212) 839-5599
Email:       agrossi@sidley.com
             abordi@sidley.com
             jhoffman@sidley.com

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| China Evergrande Group, et al.[1] | Case No. 23-11332 (MEW) |
| Debtors in Foreign Proceedings. | Joint Administration Requested |

**DECLARATION OF ANNA SILVER IN SUPPORT OF**
**THE MOTION FOR (I) RECOGNITION OF FOREIGN MAIN**
**PROCEEDINGS, (II) RECOGNITION OF FOREIGN REPRESENTATIVES,**
**AND (III) RELATED RELIEF UNDER CHAPTER 15 OF THE BANKRUPTCY**
**CODE WITH RESPECT TO DEBTOR SCENERY JOURNEY LIMITED**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

I, Anna Silver, to the best of my information and belief, state as follows:

1.      I am over the age of 18 and, if called upon, could testify to all matters set forth in

---

[1] The Debtors in these Chapter 15 Cases are (i) China Evergrande Group, incorporated in the Cayman Islands as an exempted company with limited liability with the registration number 170388, with its principal place of business located at 15th Floor, YF Life Centre, 38 Gloucester Road, Wanchai, Hong Kong; (ii) Tianji Holding Limited, incorporated in Hong Kong as a limited liability company with the registration number 1339269, with its principal place of business located at 17th Floor, One Island East, Taikoo Place, 18 Westlands Road, Quarry Bay, Hong Kong; and (iii) Scenery Journey Limited, incorporated in the British Virgin Islands ("BVI") as a limited liability company with the company number 1970476, with its principal place of business located at 2nd Floor Water's Edge Building, Wickham's Cay II, Road Town, Tortola, BVI.

this declaration (this "Declaration").[2]  In accordance with the Board Resolution (as defined herein) of Scenery Journey Limited ("Scenery Journey" or the "Debtor"), I was appointed as the authorized representative of Scenery Journey.  Consistent with this role, I have gained knowledge of Scenery Journey's history, day-to-day operations, assets, financial condition, business affairs, and books and records.  All facts set forth in this Declaration are based upon (a) my personal knowledge; (b) my review of relevant documents and any and all documents prepared and/or filed in connection with the Scenery Journey BVI Proceeding and these Chapter 15 cases (the "Chapter 15 Cases"); (c) information supplied to me by the officers, directors, employees or professionals retained by Scenery Journey; or (d) based upon my experience and knowledge of Scenery Journey's assets and financial condition.

2.      I am making this Declaration in accordance with section 1515 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3.      Scenery Journey is the subject of a restructuring proceeding entitled *In the Matter of Scenery Journey Limited* (the "Scenery Journey BVI Proceeding"), concerning a scheme of arrangement (the "Scenery Journey BVI Scheme") between Scenery Journey and certain Scheme Creditors (as defined herein), currently pending before the High Court of the Eastern Caribbean Supreme Court (the "BVI Court") (Claim Number: BVIHCOM2023/0076).

4.      On July 17, 2023, the Debtor's Board passed the Board Resolution (as defined herein) authorizing me to take certain actions as necessary to act as Scenery Journey's foreign representative in connection with the Chapter 15 Cases as they relate to Scenery Journey.

---

[2]  Capitalized terms used but not defined have such meanings set forth elsewhere in this Declaration, the Recognition Motion (as defined herein), or the Scenery Journey Explanatory Statement (as defined herein), as applicable.

5.      I submit this Declaration in support of the (a) Chapter 15 *Petition for Recognition of a Foreign Proceeding* with respect to Scenery Journey (the "Scenery Journey Chapter 15 Petition"); (b) *Motion for (I) Recognition of Foreign Main Proceedings, (II) Recognition of Foreign Representatives, and (III) Related Relief under Chapter 15 of the Bankruptcy Code* (the "Recognition Motion"); and (c) *Motion Pursuant to Federal Rules of Bankruptcy Procedure 2002 and 9007 Requesting Entry of an Order (I) Scheduling the Recognition Hearing, and (II) Approving the Form and Manner of Service of Notice* (the "Scheduling Motion"), each filed contemporaneously herewith.[3]

6.      As further detailed herein, a series of events have placed certain Chinese property developers, including the Group (as defined herein), under financial stress and created impediments to addressing certain payment maturities.  The relief requested of this Court and the financial restructuring effectuated through the Scenery Journey BVI Proceeding and these Chapter 15 Cases is a meaningful step to right-size the Group's balance sheet and place it in a position for long-term success to the benefit of the Group's employees, creditors, customers, vendors, and all of its stakeholders.

## BACKGROUND

### I.    Debtors' Business Operations and Preexisting Capital Structure

7.      China Evergrande Group ("Evergrande") (formerly known as Evergrande Real Estate Group Limited), Scenery Journey's indirect parent, was incorporated in the Cayman Islands under the Cayman Companies Act as an exempted company with limited liability on June 26, 2006.  Scenery Journey was incorporated in the British Virgin Islands under the BVI Business

---

[3] Reference is made to the *Declaration Of Maples BVI As British Virgin Island Counsel To Scenery Journey In Support Of The Motion For (I) Recognition Of Foreign Main Proceedings, (II) Recognition Of Foreign Representatives, And (III) Related Relief Under Chapter 15 Of The Bankruptcy Code With Respect To Debtor Scenery Journey Limited* (the "BVI Counsel Declaration").

Companies Act 2004 (as amended) (the "BVI Companies Act") as a limited liability company on February 12, 2018.[4]

8.     Evergrande is the ultimate holding company of a group of companies comprising Scenery Journey and certain of Evergrande's other direct and indirect subsidiaries, including, without limitation, Scenery Journey's direct parent, Tianji Holding Limited ("Tianji", and together with Evergrande and Scenery Journey, the "Debtors") and certain subsidiaries who guarantee certain of the Group Existing Debts (as defined herein) (collectively, the "Subsidiary Guarantors") with respect to the Debtors (collectively, the "Group").  The Group carries on business through operating subsidiaries and engages principally in property development, property investment, property management, new energy vehicle development and production, and cultural tourism business in China.

9.     Scenery Journey was incorporated to raise money for the Group and is the issuer of the Scenery Journey Existing Notes (as defined herein), which are guaranteed by Tianji and the Scenery Journey Subsidiary Guarantors (as defined herein).  Apart from being an issuer company of the Scenery Journey Existing Notes, and therefore engaging in restructuring activity in connection with the Scenery Journey Existing Notes, Scenery Journey does not conduct any business of its own.

10.    As of December 31, 2022, Scenery Journey had a total indebtedness of approximately $5.2 billion, all incurred from issuing the following four series of Scenery Journey Existing Notes:

  i.     An aggregate principal amount of approximately $1.999 billion in 11.5% senior notes with a maturity date of October 24, 2022 (the "October 2022 Notes") issued

---

[4] Scenery Journey's direct parent, Tianji, which is subject to a parallel and inter-conditional proceeding with Scenery Journey, was incorporated in Hong Kong under Part XI of the predecessor Hong Kong Companies Ordinance (Cap. 32 of the Laws of Hong Kong) as a limited liability company on May 19, 2009.

pursuant to an indenture dated January 24, 2020, as amended, supplemented, or otherwise modified from time to time, between, among others, Scenery Journey and Citicorp International Limited, as the Scenery Journey Existing Notes Trustee;[5]

ii.     An aggregate principal amount of approximately $644 million in 13.0% senior notes with a maturity date of November 6, 2022 (the "November 2022 Notes") issued pursuant to an indenture dated November 6, 2018, as amended, supplemented, or otherwise modified from time to time, between, among others, Scenery Journey and Citicorp International Limited, as the Scenery Journey Existing Notes Trustee;

iii.    An aggregate principal amount of approximately $1.994 billion in 12.0% senior notes with a maturity date of October 24, 2023 (the "October 2023 Notes") issued pursuant to an indenture dated January 24, 2020, as amended, supplemented, or otherwise modified from time to time, between, among others, Scenery Journey and Citicorp International Limited, as the Scenery Journey Existing Notes Trustee; and

iv.     An aggregate principal amount of approximately $589 million in 13.75% senior notes with a maturity date of November 6, 2023 (the "November 2023 Notes" and collectively with the October 2022 Notes, November 2022 Notes, and October 2023 Notes, the "Scenery Journey Existing Notes"), issued pursuant to an indenture dated November 6, 2018, as amended, supplemented, or otherwise modified from time to time, between, among others, Scenery Journey and Citicorp International Limited, as the Scenery Journey Existing Notes Trustee.

The Scenery Journey Existing Notes are governed by United States (*i.e.*, New York) law.

## II.    Events Preceding the Commencement of the Scenery Journey BVI Proceeding

11.    The Group historically adopted a high-debt, high-leverage, high-turnover model to expand operations, which created substantial debt risks that inflated the debt burden of the Group and resulted in deterioration of capital with respect to its main sector of real estate business.  Since the second half of 2021, Evergrande's real estate transaction volumes and the area sold and amount of sales have declined leading to reduced cash generation, while the Group has experienced liquidity pressures due to limited access to external capital.

---

[5] "Scenery Journey Existing Notes Trustee" means Citicorp International Limited in its capacity as the notes trustee governing the Scenery Journey Existing Notes (and Scenery Journey Existing Notes Trustee, together with the Evergrande Existing Notes Trustee, the "Existing Notes Trustees").

12.     Since 2021, the Group has been actively engaging with its customers, suppliers, creditors, and shareholders to stabilize its credit lines and day-to-day operations.  It implemented further measures by reducing capital expenditures and other expenses such as management remuneration.

13.     Additionally, as of December 2021, the Group has introduced several initiatives to reduce operational costs and increase efficiency.  These initiatives included streamlining the organization and consolidating job posts.

14.     The Group has since prioritized the resumption of construction and production, in order to ensure the delivery of property units.  To facilitate these efforts, the Group has maintained close communication with upstream and downstream business partners as well as relevant creditors, and has received significant support.

15.     I understand there have also been a series of payment defaults, cross defaults, and/or other events of default in relation to certain of the Group's debts (the "Group Existing Debts"), including Tianji's failure to perform its obligations under a guarantee of certain notes, which constituted events of default under the indentures governing the Scenery Journey Existing Notes, and Scenery Journey's failure to repay the principal amount of and accrued but unpaid interest under the October 2022 Notes and November 2022 Notes (the "Scenery Journey Existing Notes Events of Default" and collectively with the other Group defaults,  the "Group Events of Default"). Further, certain creditors of the Group Existing Debts have sought to enforce the relevant security, including by appointing receivers and/or enforcing share charges, as provided for under the relevant transaction documents.

16.     Against this backdrop, the Group has been working closely with its stakeholders, including onshore as well as offshore creditors, to formulate a holistic restructuring. The Group

promptly commenced discussions with certain ad hoc groups of holders of certain of the Group Existing Debts, as constituted from time to time (each, an "Ad Hoc Group", and collectively, the "Ad Hoc Groups") to explore a consensual resolution for the Group Events of Default.

17.     Following extensive and thorough consideration, consultation, and negotiation, the Debtors determined that a restructuring is in the best interests of the Debtors and those with an economic interest in the Debtors, in particular, the Scheme Creditors.  Accordingly, (i) Evergrande entered into that certain restructuring support agreement, dated as of April 3, 2023, with certain holders of the Class A Debt (the "Class A RSA") and that certain restructuring support agreement, dated as of April 3, 2023 with certain holders of the Class C Debt (the "Class C RSA" and together with the Class A RSA, the "Evergrande RSAs"); (ii) Scenery Journey entered into that certain restructuring support agreement, dated as of April 3, 2023, with certain holders of the Scenery Journey Existing Notes (the "Scenery Journey RSA"); and (iii) Tianji entered into that certain restructuring support agreement, dated as of April 3, 2023, with certain holders of the Tianji Existing Debts (the "Tianji RSA", and together with the Evergrande RSAs and the Scenery Journey RSA, the "RSAs").[6]

18.     Under the terms of the Scenery Journey RSA, the Scheme Creditors will receive, among other things, certain rights and interests in new consideration to be distributed to Scheme Creditors (and/or their designated recipients, as applicable) under and pursuant to the terms of the Scenery Journey BVI Scheme.

19.     As of July 31, 2023, certain Scheme Creditors holding an aggregate principal amount of approximately $5.1 billion of the Scenery Journey Existing Notes (representing

---

[6] The summary of the RSAs provided herein is qualified in its entirety by reference to the RSAs themselves.  In the case of any conflict between the summary provided herein and the RSAs, the RSAs will govern in all respects.

approximately 97.43% of the aggregate outstanding principal amount of all such notes) had acceded to the Scenery Journey RSA.

20.     In June 2023, Scenery Journey engaged FFP (BVI) LIMITED ("FFP"), a British Virgin Islands company, to assist with restructuring activities, which are currently Scenery Journey's dominant activities. Scenery Journey's engagement of FFP is described in more detail below.

### III.   Description of the Scenery Journey BVI Scheme and Issuance of the Scenery Journey New Notes[7]

21.     Under the Scenery Journey BVI Scheme, Scenery Journey seeks to restructure its liabilities under the Scenery Journey Existing Notes.  The effect of the Scenery Journey BVI Scheme will be, subject to the terms of the Scenery Journey BVI Scheme, to release the claims of creditors of Scenery Journey who have claims under the Scenery Journey Existing Notes (the "Scheme Creditors") against Scenery Journey, certain affiliates of Scenery Journey who guarantee the Scenery Journey Existing Notes (the "Scenery Journey Subsidiary Guarantors") and Hengda Real Estate Group Co Ltd ("Hengda") who provided keepwell agreements in respect of the liability of Scenery Journey and the Scenery Journey Subsidiary Guarantors (apart from Tianji, whose liabilities as a guarantor under the Scenery Journey Existing Notes shall be released by the Tianji Hong Kong Scheme), among other things, arising directly or indirectly pursuant to, under, or in connection with the Scenery Journey Existing Notes, as more fully described below.

22.     In return, each applicable Scheme Creditor will be entitled to receive its pro rata share in five tranches of new notes with an aggregate principal sum of $6.5 billion (the "Scheme

---

[7] The summaries of the Scenery Journey BVI Scheme and the Scenery Journey New Notes provided herein are qualified in their entirety by reference to the Scenery Journey BVI Scheme and the applicable indentures with respect thereto (the "Scenery Journey New Note Indentures").  In the case of any conflict between the summaries provided herein and the Scenery Journey BVI Scheme or the Scenery Journey New Note Indentures, the Scenery Journey BVI Scheme or the Scenery Journey New Note Indentures, as applicable, will govern in all respects.

Consideration").

23.    In particular, Scenery Journey will be issuing new notes (the "Scenery Journey

New Notes"), including:

i.    Tranche A:  Secured notes bearing interest at 5.5/6.5% p.a. due four years from
the earlier of (i) October 1, 2023 and (ii) the applicable Restructuring Effective
Date (the "Scenery Journey Reference Date") with an original principal amount
of $300 million to be issued by Scenery Journey, guaranteed by Tianji and
certain subsidiaries of Tianji (the "Scenery Journey New Notes Guarantors"),
with a keepwell agreement provided by Hengda

ii.    Tranche B:  Secured notes bearing interest at 6/7% due five years from the
Scenery Journey Reference Date with an original principal amount of
$1.1 billion to be issued by Scenery Journey, guaranteed by the Scenery
Journey New Notes Guarantors, with a keepwell agreement provided by
Hengda;

iii.    Tranche C:  Secured notes bearing interest at 6.5/7.5% due six years from the
Scenery Journey Reference Date with an original principal amount of
$1.1 billion to be issued by Scenery Journey, guaranteed by the Scenery
Journey New Notes Guarantors, with a keepwell agreement provided by
Hengda;

iv.    Tranche D:  Secured notes bearing interest at 7/8% due seven years from the
Scenery Journey Reference Date with an original principal amount of
$1.2 billion to be issued by Scenery Journey, guaranteed by the Scenery
Journey New Notes Guarantors, with a keepwell agreement provided by
Hengda; and

v.    Tranche E:  Secured notes bearing interest at 7.5/8.5% due eight years from the
Scenery Journey Reference Date with an original principal amount of
$2.8 billion to be issued by Scenery Journey, guaranteed by the Scenery
Journey New Notes Guarantors, with a keepwell agreement provided by
Hengda.

24.    I understand that in exchange for the compromises set forth in the Scenery Journey

BVI Scheme:

i.    The obligations of Scenery Journey, the Scenery Journey Subsidiary Guarantors,[8] and Hengda[9] under the Scenery Journey Existing Notes will be fully and finally discharged and released;

ii.    The Ancillary Claims[10] with respect to the Scenery Journey BVI Scheme will have been fully and finally released; and

iii.    The Restructuring Claims[11] with respect to the Scenery Journey BVI Scheme will have been fully and finally released.

25.    I understand that in connection with the releases described in the immediately preceding paragraphs, Scenery Journey will, for and on behalf of the Scheme Creditors, execute applicable deeds of releases and the respective rights and the pre-scheme obligations of persons affected by the Scenery Journey BVI Scheme will terminate (subject to the exclusion of certain liabilities and collateral as noted herein and in the Scenery Journey Explanatory Statement).

---

[8] The "Scenery Journey Subsidiary Guarantors" are certain subsidiaries of Scenery Journey which have guaranteed the Scenery Journey Existing Notes. There are approximately 100 Scenery Journey Subsidiary Guarantors, each of whom is identified in the entities set forth on Schedule 4 of the Scenery Journey BVI Scheme. Tianji is a Scenery Journey Subsidiary Guarantor. Its liability as a Scenery Journey Subsidiary Guarantor shall not be released or compromised through the Scenery Journey BVI Scheme but rather shall be released and compromised through the Tianji Hong Kong Scheme.

[9] Hengda entered into certain "Keepwell Agreements" with, among others, Tianji and Scenery Journey, in which Hengda provided certain guarantees in connection with the Scenery Journey Existing Notes.

[10] "Ancillary Claims" means with respect to the Scenery Journey BVI Scheme (capitalized terms as defined in the Scenery Journey BVI Scheme) any Claim by a Scheme Creditor against a Released Person under or in respect of the Scenery Journey Existing Notes arising as a result of effecting, adhering to or complying with the releases in Clause 21.2(a)(i) of the Scenery Journey BVI Scheme, as further described in and limited by the Scenery Journey BVI Scheme. This excludes any Claim in respect of any Liability of any Released Person which arises as a result of a failure to comply with any of the terms of the Scenery Journey BVI Scheme or any Restructuring Documents and arising from or in connection with any Excluded Liability. The "Released Persons" with respect to the Scenery Journey BVI Scheme (capitalized terms as defined in the Scenery Journey BVI Scheme) are: (i) the Company, the Existing Notes Subsidiary Guarantors and the Group, (ii) the Existing Notes Trustee, the Existing Notes Depositary, the Existing Notes Paying and Transfer Agent and Registrar, (iii) the New Instruments Depositary, the New Instruments Paying and Transfer Agent and Registrar, the Collateral Agent and the New Instruments Trustee, (iv) the Keepwell Provider, (v) the Holding Period Trustee, (v) the Information Agent, (vi) the Scheme Administrators, (vii) the Scheme Supervisor, (viii) the Advisors, (ix) the SJ AHG (including each SJ AHG member's respective managers and investment managers' and investment advisors' respective, Affiliates and funds and in each case, including any of its respective directors, managers or officers), (x) the AHG Advisors; and (xi) the Advisors and, regarding each of the above, includes each of their respective predecessors, successors and assigns (where applicable), their respective Personnel, and their respective advisors and in their capacities as such, and "Released Person" shall be construed accordingly.

[11] "Restructuring Claims" means, broadly, any claim against a Released Person in relation to the negotiation or implementation of the Restructuring, except for fraud, willful default or willful misconduct.

26.     Additional information about the Scenery Journey BVI Scheme is set forth in the explanatory statement for the Scenery Journey BVI Scheme (as supplemented from time to time, the "Scenery Journey Explanatory Statement").[12]

27.     I understand that if the Scenery Journey BVI Scheme is approved by the requisite majorities of creditors and sanctioned by the BVI Court and a copy of the Sanction Order (as defined herein) is filed with the British Virgin Islands Registry of Corporate Affairs (the "BVI Registrar"), the Scenery Journey BVI Scheme will bind all applicable Scheme Creditors, including those creditors who voted in favor of the Scenery Journey BVI Scheme, those creditors who voted against it, and those creditors who did not vote at all.

## IV.     Commencement of the Scenery Journey BVI Proceeding

28.     On April 26, 2023, Scenery Journey filed a Fixed Date Claim Form with the BVI Court, a true and correct copy of which is attached to the BVI Counsel Declaration as Exhibit A (the "Scheme Petition"), commencing the Scenery Journey BVI Proceeding, and seeking, among other things, a convening hearing before the BVI Court (the "Convening Hearing") whereby Scenery Journey sought an order from the BVI Court directing Scenery Journey to convene a meeting in respect of the Scenery Journey BVI Scheme (the "Scheme Meeting") for the applicable Scheme Creditors.

29.     On July 14, 2023, Scenery Journey issued a practice statement letter to the relevant Scheme Creditors informing such Scheme Creditors that the Debtor had filed the Scheme Petition and that the Convening Hearing had been scheduled for July 24, 2023 (the "Practice

---

[12] A copy of the Scenery Journey Explanatory Statement, as made available to applicable Scheme Creditors on July 31, 2023 (following the Convening Hearing (as defined herein)) and as supplemented on August 16, 2023, is attached as Exhibit E to the BVI Counsel Declaration.

Statement Letter"). The Practice Statement Letter is attached to the BVI Counsel Declaration as Exhibit C.

30. Following the Convening Hearing, which occurred on July 24, 2023, the BVI Court entered the order (the "Convening Order") scheduling the Scheme Meeting for August 22, 2023 and scheduling the hearing to sanction the Scenery Journey BVI Scheme for September 4, 2023 at 10:00 a.m. (BVI time) (the "Sanction Hearing").[13] The Convening Order is attached as Exhibit D to the BVI Counsel Declaration.

31. In accordance with the Convening Order, applicable notice of the Scheme Meeting, the Scenery Journey BVI Scheme, the Scenery Journey Explanatory Statement, and applicable solicitation materials were provided to the applicable Scheme Creditors by Morrow Sodali Limited, in its capacity as Scenery Journey's notification and information agent for the Scenery Journey BVI Scheme ("Morrow Sodali") and to Blocked Scheme Creditors (as defined in the Scenery Journey BVI Scheme) by GLAS Trustees Limited ("GLAS"). Such documents were provided or made available (a) on the following website maintained by Morrow Sodali: https://projects.morrowsodali.com/evergrande; (b) on Evergrande's website: https://www.evergrande.com; (c) through the Euroclear Bank SA/NV and Clearstream Banking S.A. clearing systems, as applicable; and (d) by causing Morrow Sodali to send the notices via electronic mail to each Scheme Creditor for whom Morrow Sodali has contact information or by causing GLAS to send the notice via electronic mail to each Blocked Scheme Creditor. FFP will provide an additional contact point in the BVI for certain Scheme Creditors to obtain information regarding the Scenery Journey BVI Scheme or the Restructuring on non-voting related matters (in

---

[13] As described in the supplemented Scenery Journey Explanatory Statement provided to the Scheme Creditors on August 16, 2023, Scenery Journey announced that the Scheme Meeting is intended to be adjourned upon commencement thereof to August 28, 2023.

addition to other services it will provide to Scenery Journey).  Further, the Scheme Creditors were notified of the Scheme Meetings through announcements on HKEX and the Singapore Exchange Securities Trading Limited (the "SGX-ST").

32.     In addition, the BVI Court authorized and appointed me as the Scheme Chairperson and authorized foreign representative for the purpose of advancing the Chapter 15 Cases.

33.     The provisions of the Convening Order ensured that the applicable Scheme Creditors were notified properly of the Scheme Meeting and will have the opportunity to raise questions and objections to the Scenery Journey BVI Scheme at the Scheme Meeting and Sanction Hearing.  As noted, pursuant to the terms of the Convening Order, in advance of the Scheme Meeting, Scenery Journey, through Morrow Sodali or GLAS, as applicable, will provide access to the Scenery Journey  natory Statement and other documents related to the Scenery Journey BVI Scheme enumerated in the Convening Order to the beneficial holders of the Scenery Journey Existing Notes in addition to notice through the applicable clearing systems, through announcement on the relevant stock exchange, as applicable, and via electronic mail to each Scheme Creditor for whom Morrow Sodali has contact information.  All applicable Scheme Creditors will have the opportunity to attend, be heard and vote at the Scheme Meeting, in person, by authorized representative (if a corporate entity) or by proxy and to ask questions regarding the proposed Scenery Journey BVI Scheme.

34.     Further, if the Scenery Journey BVI Scheme is approved at the Scheme Meeting, Scenery Journey, through Morrow Sodali or GLAS, as applicable, will provide notice to the applicable Scheme Creditors, informing them that the Scenery Journey BVI Scheme was approved and an upcoming Sanction Hearing is scheduled.  Such Scheme Creditors also will also be

informed that they can attend and raise any issues or objections at the Sanction Hearing.  In anticipation of the Sanction Hearing, the Scheme Chairperson will file a report on the Scheme Meeting.

35.    Assuming that the BVI Court deems it appropriate to enter an order sanctioning the Scenery Journey BVI Scheme following the Sanction Hearing (the "Sanction Order"), the Sanction Order is expected, among other things, to (i) sanction and approve consummation of the Scenery Journey BVI Scheme and (ii) authorize the Restructuring set forth in the Scenery Journey BVI Scheme.  Upon delivery of the Sanction Order to the BVI Registrar, and subject to certain additional conditions (as defined in the Scenery Journey BVI Scheme, the "Restructuring Effective Date"), the Scenery Journey BVI Scheme will become effective and thereby binding on all applicable Scheme Creditors.

36.    On July 17, 2023, Scenery Journey's board of directors (the "Board") approved a resolution, a copy of which is attached hereto as **Exhibit A** (the "Board Resolution") appointing me as the Foreign Representative for Scenery Journey authorizing me to commence the Chapter 15 Case for Scenery Journey.

37.    Accordingly, the historical and expected timeline for the Scenery Journey BVI Proceeding and these Chapter 15 Cases is summarized below.

| Key Events | Date |
|---|---|
| Convening Hearing | July 24, 2023 |
| Convening Order | July 24, 2023 |
| Chapter 15 Petition Date | August 17, 2023 |
| Scheme Meeting | August 22, 2023 and August 28, 2023 |

| Key Events | Date |
|---|---|
| Sanction Hearing | September 4, 2023 |
| Proposed Chapter 15 Recognition Hearing | September 20, 2023 |
| Anticipated Restructuring Effective Date | October 2, 2023 |

38.     As the Scenery Journey BVI Proceeding is ongoing in parallel to these Chapter 15 Cases, with the Scheme Meeting scheduled for August 22 and August 28, 2023, and the Sanction Hearing expected to be heard on or about September 4, 2023, a supplemental declaration will be filed to update the Court on the status of the Scenery Journey BVI Proceeding and the outcome of the Scheme Meeting and Sanction Hearing, as applicable, in advance of the Recognition Hearing.

## STATUS AS FOREIGN REPRESENTATIVE AND OF FOREIGN PROCEEDINGS SATISFIES BANKRUPTCY CODE PROVISIONS

I.     **Appointment as Foreign Representative and Filing of the Scenery Journey Chapter 15 Petition**

39.     I have been informed by Scenery Journey's legal advisors that a chapter 15 proceeding is commenced by the filing of a petition for recognition (and related documents) by the "foreign representative."  I was further informed that under section 1516(a) of the Bankruptcy Code, a bankruptcy court may presume that the person petitioning for chapter 15 recognition is a foreign representative if the decision or certificate from the foreign court so indicates.  I am informed by Scenery Journey's legal advisors that "foreign representative" is defined in section 101(24) of the Bankruptcy Code to mean:

> . . . a person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding.

11  .S.C. § 101(24).

40.     I have been authorized by the Board Resolution and by the BVI Court to act as Scenery Journey's agent (the "Foreign Representative") in seeking any relief available to a "foreign representative" under chapter 15 of the Bankruptcy Code, including, among other things, to seek recognition of the Scheme.

41.     I am informed that, in light of the statutory presumption embodied in section 1516(a) of the Bankruptcy Code noted above, the Bankruptcy Code's definition of "foreign representative," and the Board Resolution, I will satisfy the requirements to serve as the Foreign Representative of the Scenery Journey BVI Proceeding.

42.     Scenery Journey has property in the United States in the form of a retainer with the Debtor's U.S. counsel, Sidley Austin LLP, which funds are held in a client trust account in New York, New York.  Moreover, Scenery Journey has submitted to New York jurisdiction under the Scenery Journey Existing Notes the Scenery Journey New Notes.  Therefore, on the date hereof, in my capacity as the Foreign Representative, I caused to be filed the Scenery Journey Chapter 15 Petition pursuant to sections 1504 and 1515 of the Bankruptcy Code commencing this Chapter 15 Case in the Southern District of New York, seeking recognition of the Scenery Journey BVI Proceeding as a "foreign main proceeding," as such term is defined in section 1502(4) of the Bankruptcy Code, and seeking other necessary or appropriate relief in support of the Scenery Journey BVI Proceeding.

43.     I am informed that recognizing me as a "foreign representative" as defined in section 101(24) of the Bankruptcy Code and recognition of the Scenery Journey BVI Proceeding as a "foreign main proceeding" is consistent with the purpose of chapter 15, and I believe it will allow the Debtor to restructure in the most efficient manner without jeopardizing the creditors' rights.

44.     I believe that Scenery Journey's Chapter 15 Case will enable Scenery Journey to achieve the objectives of the Scenery Journey BVI Scheme by (i) ensuring that the parties in interest to the Restructuring, including Scenery Journey and the Scheme Creditors are treated in the United States consistent with the intentions of the Scenery Journey BVI Scheme; (ii) ensuring that the Restructuring is binding, valid, and enforceable in the United States; and (iii) minimizing the risk of litigation over any potential residual claims that might exist under the Scenery Journey Existing Notes or ancillary documents related to the Scenery Journey Existing Notes.

## II.    The Scenery Journey BVI Proceeding Is a Foreign Main Proceeding

45.     For the reasons set forth below, I believe that the Scenery Journey BVI Proceeding is a "foreign main proceeding" within the meaning of section 1502(4) of the Bankruptcy Code.

46.     I am informed that "foreign proceeding" is defined in section 101(23) of the Bankruptcy Code to mean:

> [C]ollective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the Debtors are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation ….

11 U.S.C. § 101(23).

47.     I believe that the Scenery Journey BVI Proceeding falls within the foregoing definition.  As more fully explained in the BVI Counsel Declaration, the Scenery Journey BVI Proceeding is (i) a collective judicial proceeding, (ii) in the  BVI, and (iii) is governed by the BVI statute applicable to schemes of arrangement, the BVI Companies Act.  In the Scenery Journey BVI Proceeding, the Debtor's assets and affairs are subject to the control or supervision of the BVI Court.  The purpose of the Scenery Journey BVI Scheme is to effectuate a restructuring of the

Scenery Journey Existing Notes. Specifically, the Scheme Creditors will release Scenery Journey and the applicable Subsidiary Guarantors, among others, from their respective obligations and liabilities under or in connection with the Scenery Journey Existing Debts and will receive their applicable share of the Scheme Consideration.

48.     I am also informed that section 1517(b)(1) of the Bankruptcy Code provides that a foreign proceeding shall be recognized as a "foreign main proceeding" if the foreign proceeding is pending in the country where the debtor has "the center of its main interests" ("COMI"). I am informed that COMI is not defined in chapter 15, but section 1516(c) of the Bankruptcy Code provides that "[i]n the absence of evidence to the contrary, the debtor's registered office, or habitual residence in the case of an individual, is presumed to be the center of the debtor's main interests."

49.     Scenery Journey's registered office is located in the BVI, which I understand creates a presumption that the BVI is the COMI for Scenery Journey. Additional factors, however, further support the conclusion that the BVI is the COMI for the Debtor, including:

(a)     **Debtor Activities in BVI**. Scenery Journey was incorporated solely for the purpose of issuing the Scenery Journey Existing Notes and does not conduct any business of its own, other than the Restructuring. In July 2023, Scenery Journey engaged FFP to assist in the Restructuring, which has become Scenery Journey's dominant business activity. Scenery Journey licensed office space from FFP for use in connection with the Restructuring, and such office space is recorded as Scenery Journey's principal place of business. Moreover, I am an employee of FFP, am based in the BVI, and was specifically designated to act as Scenery Journey's Scheme Supervisor and Foreign Representative in connection with the Scenery Journey BVI Scheme. FFP also acts as one of Scenery Journey's information agents, in addition to Morrow Sodali. Furthermore, Scenery Journey's primary legal advisors with respect to the Scenery Journey BVI Scheme are located in the BVI.

(b)     **Expectation and Support of Creditors**. The documentation with respect to the Scenery Journey Existing Notes clearly identified Scenery Journey as a British Virgin Islands company. The Scenery Journey RSA specifically

disclosed the possibility of the commencement of a BVI scheme of arrangement by Scenery Journey.

Moreover, holders of approximately ninety-seven percent (97%) of the Scenery Journey Existing Notes expressly agreed to support a BVI restructuring pursuant to the Scenery Journey RSA. No Scheme Creditor has to date raised issues about the propriety of the BVI as the COMI of Scenery Journey or about any actions of management in proffering a BVI COMI and establishment in the BVI.

### III.    Statement Pursuant to Section 1515 of the Bankruptcy Code

50.    I am informed that section 1515 of the Bankruptcy Code provides, in pertinent part,

as follows:

(a)    A foreign representative applies to the court for recognition of a foreign proceeding in which the foreign representative has been appointed by filing a petition for recognition.

(b)    A petition for recognition shall be accompanied by—

1)    a certified copy of the decision commencing such foreign proceeding and appointing the foreign representative;

2)    a certificate from the foreign court affirming the existence of such foreign proceeding and of the appointment of the foreign representative; or

3)    in the absence of evidence referred to in paragraphs (1) and (2), any other evidence acceptable to the court of the existence of such foreign proceeding and of the appointment of the foreign representative.

(c)    A petition for recognition shall also be accompanied by a statement identifying all foreign proceedings with respect to the debtor that are known to the foreign representative.

11 U.S.C. § 1515.

51.    As noted above, the Board Resolution appointing me as Foreign Representative for

this Chapter 15 Case and authorizing me to commence this Chapter 15 Case is attached hereto as

**Exhibit A**.[14]

---

[14] Additionally, the Scheme Petition and the Convening Order are attached to the BVI Counsel Declaration in Exhibits A and D, respectively.

52.     Pursuant to section 1515(c) of the Bankruptcy Code, I am aware of the definition of a "foreign proceeding" under section 101(23) of the Bankruptcy Code, and I believe that the Scenery Journey BVI Proceeding is a "foreign proceeding" as defined therein.  I am aware of no other foreign proceedings with respect to Scenery Journey.

[*Remainder of page intentionally left blank*.]

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: August 17, 2023

/s/ Anna Silver
_____
Anna Silver
Foreign Representative
Scenery Journey Limited

**<u>Exhibit A</u>**

**Board Resolution**

Company number 1970476

**SCENERY JOURNEY LIMITED**
景程有限公司
(the "**Company**")
("本公司")
*(Incorporated in the British Virgin Islands with limited liability)*
*(于英属维尔京群岛注册成立的有限责任公司)*

**WRITTEN RESOLUTIONS OF THE SOLE DIRECTOR OF THE COMPANY MADE PURSUANT TO THE MEMORANDUM AND ARTICLES OF ASSOCIATION OF THE COMPANY**

**根据本公司公司章程由本公司独任董事作出的书面决议**

I, the undersigned, being the sole director of the Company (the "**Director**") for the time being, DO HEREBY ADOPT THE FOLLOWING :-

本人，为签署人，目前为本公司的独任董事（"**董事**"），特此通过以下：-

Capitalised terms used but not otherwise defined in these resolutions shall bear the respective meanings as ascribed to them in, or by reference to, the RSA (as defined below).

于本决议中使用但未另行定义的大写术语将具有在重组支持协议中或参考重组支持协议中赋予它们的各自含义（定义如下文）。

1    **DECLARATIONS OF INTEREST**

**董事之利益披露**

**IT IS NOTED THAT** the Director had confirmed that he had disclosed his interest (if any) in the Restructuring and/or the Restructuring Documents (as defined below), as required by the memorandum and articles of association of the Company (the "**M&A**") or under any law applicable to the Company. The Director was not, as a result of such interests (if any), prohibited from voting on any resolution in respect of the matters hereinbelow contemplated in accordance with the M&A and the applicable laws.

**知悉**董事确认，其已按照本公司的组织章程大纲和章程细则（"**章程**"）或适用于本公司的任何法律披露了其在重组和/或重组文件（定义见下文）中的利益（如有）。根据章程和适用法律，董事并未因该等利益（如有）而被禁止就与有关下文拟定的任何决议进行投票。

2    **BACKGROUND**

**背景**

2.1    **IT IS NOTED THAT** owing to unexpected liquidity issues arising from the adverse impact of a number of factors including, principally, an adverse turn in the macroeconomic environment, the downturn in the Chinese real estate sector and the effects of the COVID-19 pandemic, China Evergrande Group ("**CEG**") and some of its subsidiaries, including the Company are in default of certain of their obligations, including, among others:

知悉基于多项不利影响因素，主要包括宏观经济环境的不利转变、中国房地产行业的低迷以及新冠肺炎大流行的影响，导致不可预测的流动性问题，中国恒大集团（"**中国恒大**"）及其部分子公司，包括本公司，未能履行其某些债务责任，其中包括：

(a)    CEG's failure to comply with a demand to perform its obligations under a guarantee in the amount of approximately US$260 million in relation to the 8.5% notes due October 2021 issued by Jumbo Fortune Enterprises Limited, which itself constituted an event of default under the indentures governing the Existing Notes (as defined below); and

中国恒大未能按照要求履行其对 Jumbo Fortune Enterprises Limited 发行的于 2021 年 10 月到期的 8.5%票据有关的约 2.6 亿美元的担保责任，此本身在现有票据的契约（定义如下文）下已构成了违约事件；以及

(b)    the Company's failure to make payments for the principal and interest amounts due under the Existing Notes (as defined below).

本公司未能支付现有票据（定义见下文）下到期的本金和利息。

2.2    **IT IS NOTED THAT** the Company and its subsidiaries (the "**Group**") has therefore been assessing its financial position and working with its legal and financial advisers to formulate an overall restructuring plan that takes into account the interests of its offshore and onshore creditors. This has included consideration of the proposed restructuring (the "**Restructuring**") of the following debts owed, or guaranteed, by the Company (collectively, the "**Existing Debts**"):

知悉本公司与其子公司（"**本集团**"）因此一直在评估其财务状况，并与其法律和财务顾问合作，制定考虑到境内外债权人利益的整体重组计划，包括本公司对以下所欠或担保的债务（统称为"**现有债务**"）进行重组（"**重组**"）的考虑：

(a)    Senior notes which are publicly-traded on a recognised exchange and are guaranteed by various Subsidiary Guarantors (the "**Existing Notes**"), namely:

在认可的交易所公开交易并由多家子公司担保人担保的优先票据（"**现有票据**"），即：

(i)    the 11.5% senior notes due October 24, 2022 (ISIN: XS2109191986, Common Code: 210919198);

于 2022 年 10 月 24 日到期的 11.5% 优先票据（ISIN：XS2109191986，通用代码：210919198）；

(ii)    the 13.0% senior notes due November 6, 2022 (ISIN: XS1903671854, Common Code: 190367185);

于 2022 年 11 月 6 日到期的 13.0% 优先票据（ISIN：XS1903671854，通用代码：190367185）；

(iii)    the 12.0% senior notes due October 24, 2023 (ISIN: XS2109192109, Common Code: 210919210); and

于 2023 年 10 月 24 日到期的 12.0% 优先票据（ISIN：XS2109192109，通用代码：210919210）；以及

(iv)    the 13.75% senior notes due November 6, 2023 (ISIN: XS1903671938, Common Code: 190367193);

于 2023 年 11 月 6 日到期的 13.75% 优先票据（ISIN：XS1903671938，通用代码：190367193）；

2.3    **IT IS NOTED THAT** following such considerations, together with discussions with its principal stakeholders and assessment of the financial position of the Company and the Group, the Company has entered into the RSA and intends to implement a restructuring of the Existing Debts by way of a scheme of arrangement pursuant to section 179A of the BVI Business Companies Act (As Revised) (the "**Scheme**") and that the Scheme will be further subject to a recognition proceeding before a United States Bankruptcy Court (the "**U.S. Court**") pursuant to chapter 15 of the United States Bankruptcy Code (the "**Chapter 15 Recognition Proceeding**").

知悉考虑到这些因素，并与主要利益相关者进行讨论及评估本公司和本集团的财务状况后，本公司已签订重组支持协议，并打算根据《英属维尔京群岛商业公司法（修订版）》第 179A 条通过协议安排的方式（"**该协议安排**"）实施现有债务的重组，且该协议安排将根据《美国破产法》第 15 章（"**第 15 章认可程序**"）进一步于美国破产法院（"**美国法院**"）进行认可程序。

2.4    **IT IS NOTED THAT** the following documents (the "**Restructuring Documents**") have been entered into by the Company:

知悉本公司已签订以下文件（"**重组文件**"）：

(a)    the restructuring term sheet dated 20 March 2023 between (among others) the Company and the SJ AHG (the "**Term Sheet**"); and

本公司与（其中包括）SJ AHG 之间签订日期为 2023 年 3 月 20 日的重组条款清单（"**条款清单**"）；以及

(b)    the restructuring support agreement dated 3 April 2023 between, among others, the Company and the Initial Participating Creditors (the "**RSA**").

本公司与（其中包括）初始参与债权人之间签订日期为 2023 年 4 月 3 日的重组支持协议（"**重组支持协议**"）。

2.5    **IT IS NOTED THAT** the Restructuring is part of a wider plan to comprehensively restructure the offshore indebtedness of CEG the ultimate holding company of the Group, and its subsidiaries (the "**CEG Group**"). In addition to the Scheme, the CEG Group is intending to implement further restructurings via: (i) schemes of arrangement to be sanctioned by the Cayman Islands court and Hong Kong court (the "**CEG Schemes**"); and (ii) a scheme of arrangement to be sanctioned by the Hong Kong Court proposed by an indirectly held Hong Kong subsidiary of CEG and parent of the Company, Tianji Holding Limited (the "**TJ Scheme**"). The TJ Scheme and the Scheme are interconditional as between themselves, but the CEG Schemes are not interconditional with either the TJ Scheme and/or the Scheme.

知悉此次重组是更广泛的全面重组本集团的最终控股公司中国恒大及其子公司（"**恒大集团**"）境外债务中一部分。除该协议安排外，恒大集团拟通过以下方式实施进一步重组：(i) 须经开曼群岛法院及香港法院批准的协议安排（"**恒大协议安排**"）；及 (ii) 由中国恒大间接持有的香港子公司，即本公司的母公司，天基控股有限公司所提出的须经香港法院批准的协议安排（"**天基协议安排**"）。天基协议安排与该协议安排之间有互为条件，但恒大协议安排与天基协议安排及／或该协议安排之间并非互为条件。

2.6    **IT IS NOTED THAT** the hearing in respect of the Company's application for leave to convene a meeting of the scheme creditors ("**Scheme Meeting**") is currently fixed by the Court for 24 July 2023 ("**Convening Hearing**") and the hearing in respect of the Company's application to sanction the Scheme following the Scheme Meeting is currently fixed by the Court for 4 September 2023 ("**Sanction Hearing**"), with a hearing in respect of the Chapter 15 Recognition Proceeding to follow the date of the Sanction Hearings, subject to the U.S. Court's availability ("**Chapter 15 Hearing**").

知悉法院目前定于 2023 年 7 月 24 日举行有关本公司申请召集协议安排债权人会议（"**协议安排会议**"）的聆讯（"**召集聆讯**"），以及目前定于 2023 年 9 月 4 日举行有关本公司在协议安排会议后申请批准该协议安排的聆讯（"**批准聆讯**"）。在批准聆讯日期后，亦会根据美国法院的时间安排，进行第 15 章认可程序的聆讯（"**第 15 章聆讯**"）。

2.7    **IT IS NOTED THAT** to facilitate the Restructuring, it is proposed that the Company and Hengda Real Estate Group Co., Ltd (恒大地产集团有限公司) ("**Hengda Real Estate**") will execute a deed of indemnity (the "**Deed of Indemnity**") whereby the Company will agree to indemnify in full Hengda Real Estate on written demand for any present and future claim or liability Hengda Real Estate may incur pursuant to or in connection with the Keepwell Agreements to the noteholders under the Existing Notes or any trustee acting on their behalf. "**Keepwell Agreements**" means (a) the keepwell agreement dated 6 November 2018 as credit support for the US$645,000,000 13.00% senior notes due 2022 issued by the Company; (b) the keepwell agreement dated 6 November 2018 as credit support for the US$590,000,000 13.75% senior notes due 2023 issued by the Company; (c) the keepwell agreement dated 24 January 2020 as credit support for the US$2,000,000,000 11.50% senior notes due 2022 issued by the Company; and (d) the keepwell agreement dated 24 January 2020 as credit support for the US$2,000,000,000 12.00% senior notes due 2023.

知悉为推进重组，本公司拟与恒大地产集团有限公司（"**恒大地产**"）签订一份赔偿契约（"**赔偿契约**"），据此本公司将同意按书面要求全额赔偿给恒大地产其可能根据维好协议、或与维好协议相关，须向现有票据持有人或代表其行事的任何受托人承担的任何当前和未来的索赔或责任。"**维好协议**"是指 (a) 日期为 2018 年 11 月 6 日的维好协议，作为对本公司发行的于 2022 年到期、年息为 13.00%、为 645,000,000 美元的优先票据的信贷支持；(b) 日期为 2018 年 11 月 6 日的维好协议，作为对本公司发行的于 2023 年到期、年息为 13.75%、为 590,000,000 美元的优先票据的信贷支持；(c) 日期为 2020 年 1 月 24 日的维好协议，作为对本公司发行于 2022 年到期、年息为 11.50%、为 2,000,000,000 美元的优先票据的信贷支持；(d) 日期为 2020 年 1 月 24 日的维好协议，作为对于 2023 年到期、年息为 12.00%、为 2,000,000,000 美元的优先票据的信贷支持。

2.8    **IT IS NOTED THAT** in connection with the Restructuring, the Company entered into the following documents:

知悉就重组，本公司已签订了以下文件：

(a)    a services agreement dated 22 June 2023 made between FFP (BVI) Limited and the Company (the "**FFP Services Agreement (Scheme Support)**");

FFP (BVI) Limited 与本公司于 2023 年 6 月 22 日签订的服务协议（"**FFP 服务协议（协议安排支援）**"）；

(b)    a services agreement dated 22 June 2023 made between the Anna Silver of FFP (BVI) Limited and the Company (the "**FFP Services Agreement (Location Services)**"; and

FFP (BVI) Limited 的 Anna Silver 与本公司于 2023 年 6 月 22 日签订的服务协议（"**FFP 服务协议（地区服务）**"）；以及

(c)    a licence agreement dated 22 June 2023 made between FFP (BVI) Limited and the Company (together with the FFP Services Agreement (Location Services) and the FFP Services Agreement (Scheme Support),

FFP (BVI) Limited 与本公司于 2023 年 6 月 22 日签订的许可协议（连同 FFP 服务协议（地区服务）和 FFP 服务协议（协议安排支援）），

together the "**FFP Documents**", and pursuant to which, among other things:

统称为"**FFP 文件**"，在 FFP 文件中（包括其它事项）：

(i)    Anna Silver of FFP (BVI) Limited was engaged to act as scheme supervisor for and on behalf of the Company (the "**Scheme Supervisor**") pursuant to the FFP Services Agreement (Scheme Support); and

根据 FFP 服务协议（协议安排支援），FFP (BVI) Limited 的 Anna Silver 受聘代表本公司担任协议安排监督人（"**协议安排监督人**"）；以及

(ii)    FFP (BVI) Limited as information agent for and on behalf of the Company (the "**BVI Information Agent**") pursuant to the Services Agreement (Location Services); and

根据服务协议（地区服务），FFP (BVI) Limited 任命为本公司的信息代理认（"**BVI 信息代理人**"）。

2.9    **IT IS NOTED THAT** a board presentation pack had been circulated to the Director which summarises the Restructuring, the Restructuring Documents, and the Scheme.

知悉董事会陈述文件已分发了给董事，其中概述了重组、重组文件和该协议安排。

2.10    **IT IS NOTED THAT** the (i) draft audited accounts of the Company for the year ended 31 December 2021 (the "**2021 Audited Accounts**") and the (ii) draft audited accounts of the Company for the year ended 31 December 2022 (the "**2022 Audited Accounts**") have been provided to and reviewed and considered in detail by the Director.

知悉本公司公司截至 2021 年 12 月 31 日止年度的经审计账目草稿（"**2021 年审计账目**"）及 (ii) 本公司截至 2022 年 12 月 31 日止年度的经审计账目草稿（"**2022 年审计账目**"））已提供给董事，并由董事详细审视和考虑。

## 3    <u>CONSIDERATION OF DOCUMENTS</u>

<u>文件审议</u>

3.1    The Director acknowledged that he had received and considered the Restructuring Documents, which outline the principal terms and conditions of the Restructuring, as well as (a) the FFP Documents and (b) the Practice Statement Letter for the Scheme (the "**Practice Statement Letter**").

董事确认，他已收到并考虑了重组文件，其中概述了重组的主要条款和条件，以及 (a) FFP 文件和 (b) 该协议安排的实务声明函（"**实务声明函**"）。

3.2    The Director also considered the terms of the following documents related to the proposed Scheme (collectively, the "**Proposed Documents**"), which are in their final form or close to final form:

董事亦考虑了以下与拟议协议安排相关的文件（统称为"**拟议文件**"）的条款（该等文件为最终版本或接近最终版本）：

(a)    the Scheme Document;

协议安排文件；

(b)    the Explanatory Statement for the Scheme;

该协议安排的解释性说明；

(c)    the Fixed Date Claim Form dated 26 April 2023 and First Affirmation of Chen Daiping in respect of the Scheme filed in Court;

日期为 2023 年 4 月 26 日的固定日期申诉表和向法院提交有关该协议安排的陈代平的第一次誓词；

(d) the draft affirmation of Mr Hui Ka Yan in support of the Company's claim in relation to the Scheme together with index of exhibits ("**Convening Affirmation**"); and

许家印先生的誓词草案连同其证据附件清单，用以支持本公司提出的该协议安排（"**召集聆讯誓词**"）；以及

(e) the Deed of Indemnity.

赔偿契约。

3.3 The Director also considered the 2021 Audited Accounts and the 2022 Audited Accounts.

董事一并考虑了 2021 年审计账目及 2022 年审计账目。

## 4    THE RESTRUCTURING

重组

4.1 **IT IS NOTED THAT** the proposed Restructuring will involve, among other things, the following transactions (and other transactions ancillary or related thereto) (with all defined terms being as defined in the Scheme Document, except as otherwise defined herein):

**知悉**拟议的重组将涉及以下交易（以及与其附属或相关的其他交易）（所有定义均按协议安排文件中的定义，除非本文另有定义）：

(a) the Scheme Claims, being broadly any Claim (except for fraud, wilful default and wilful misconduct) of a Scheme Creditor under the Existing Notes against the Company whether at, before or after the Voting Record Time, will be fully and finally released as against the Company from the Restructuring Effective Date.

协议安排索赔，即泛指协议安排债权人在现有债务下向本公司提出的任何索赔（欺诈、故意违约和故意不当行为除外），无论是在投票记录时间之时、之前还是之后，自重组生效日期起对本公司予以完全且最终的解除。

(b) the Ancillary Claims, being any Claim (except for fraud, wilful default and wilful misconduct) by a Scheme Creditor against a Released Person (which includes the Company) as a result of the effecting, adhering to or complying with the releases to be effected in relation to the Scheme Claims (discussed above);

附属索赔，指协议安排债权人因实施、遵守或符合与协议安排索赔相关的解除（如上所述）而对被解除人（包括本公司）提出的任何索赔（欺诈、故意违约和故意不当行为除外）；

(c) the Restructuring Claims, being any Claims (except for fraud, wilful default and wilful misconduct) by a Scheme Creditor against a Released Person (which includes the Company) in relation to the preparation, negotiation or implementation of the Restructuring,

重组索赔，指协议安排债权人针对重组的准备、谈判或实施向被解除人（包括本公司）提出的任何索赔（欺诈、故意违约和故意不当行为除外），

in each case, except for:

在每种情况下，除了：

(i)    any Claim in respect of a Liability of the Company arising as a result of a failure to comply with the terms of the Scheme or any Restructuring Document (as defined in the Scheme Document); or

因未能遵守协议安排或任何重组文件（定义见协议安排文件）的条款而产生的与本公司责任有关的任何索赔；或

(ii)    any Claim of a Scheme Creditor arising from or in connection to any Excluded Liability or Excluded Collateral;

因未能遵守协议安排或任何重组文件（定义见协议安排文件）的条款而产生的与本公司责任有关的任何索赔；

(d)    in consideration for such full and final releases, each Scheme Creditor will be entitled to receive its pro rata share of the Scheme Consideration, being new notes to be issued by the Company in an aggregate principal amount equal to US$6,500 million (the "**New Instruments**") in accordance with the terms of the Scheme; and

作为此类完全且最终的解除的对价，每位协议安排债权人将有权按比例获得协议安排对价的份额，即根据该协议安排的条款，本公司将发行本金总额等于 6,500 百万美元的新票据（"**新工具**"）；以及

(e)    the above steps will be implemented via the Scheme.

上述步骤将通过该协议安排实施。

4.2    **IT IS NOTED THAT**, pursuant to the terms of the RSA each Participating Creditor has irrevocably undertaken to, among other things (all capitalised terms in this paragraph 4.2 are as defined in the RSA):

**知悉**根据重组支持协议的条款，每位参与债权人已不可撤销地承诺（本第 4.2 段中的所有大写术语均按重组支持协议中的定义）：

(a)    use all commercially reasonable endeavours in order to support the Restructuring;

尽一切商业上合理的努力来支持重组；

(b)    progress and implement the Restructuring in accordance with the terms set out in the RSA;

根据重组支持协议中规定的条款推进和实施重组；

(c)    attend the Scheme Meeting and vote in favour of the Scheme;

出席协议安排会议并投票赞成该协议安排；

(d)     support any actions taken by the Group to obtain recognition or protection of the Restructuring in any court of any jurisdiction (including any Chapter 15 Recognition Proceeding and any filings related thereto);

支持本集团为在任何司法管辖区的任何法院获得对重组的认可或保护协议安排而采取的任何行动（包括任何第 15 章认可程序以及提供与之相关的任何文件）；

(e)     use commercially reasonable endeavours to support the Company in any application in a legal or regulatory process or proceeding that is reasonably requested by the Company and necessary to give effect to the Restructuring;

尽商业上合理的努力支持本公司在本公司合理要求下为实施重组所必需的法律或监管程序或程序中提出任何申请；

(f)     not object to or challenge the Scheme (or any application made by the Company in respect of the Scheme), or otherwise commence, join, support or assist any proceedings to oppose or alter any Restructuring Document filed by the Company in connection with the confirmation of the Restructuring;

不反对或质疑该协议安排（或本公司就该协议安排提出的任何申请），或以其他方式发起、加入、支持或协助任何程序以反对或更改本公司提交的与确定重组有关的任何重组文件；

(g)     not formulate, encourage, or otherwise support any alternative proposal or alternate offer for the implementation of the Restructuring, or to take any action which would delay or impede any approvals for the Restructuring; and

不制定、不鼓励或以其他方式支持实施重组的任何替代提案或替代要约，也不采取任何会延迟或阻碍批准重组的任何行动；以及

(h)     not take, commence or continue any Enforcement Action, interfere with the implementation of the Restructuring and/or the Scheme, or the consummation of the transactions contemplated thereby.

不采取、开始或继续任何执行措施，不干扰重组和/或该协议安排的实施、或由此拟定的交易的完成。

## 5    THE RESOLUTIONS

决议

5.1     After due and careful consideration, **IT WAS RESOLVED** that:

经过适当和仔细的考虑，**就此决议**：

(a)     the Restructuring and the entry into of the Restructuring Documents, the FFP Documents, the Practice Statement Letter, the Proposed Documents and any associated transactions and documents are to the commercial benefit and advantage of the Company, will promote the success of the Company and all relevant stakeholders including its creditors, and are in the best interests of the Company and the Group;

重组及重组文件、FFP 文件、实务声明函、拟议文件及任何相关交易及文件之订立均符合本公司的商业利益，其将促进本公司及本公司的所有利益相关者（包括其债权人）的成功，并符合本公司及本集团的最佳利益；

(b)     the (i) Restructuring and the entry into of the Restructuring Documents, the FFP Documents, the Practice Statement Letter and the Proposed Documents, (ii) terms and circulation of the Practice Statement Letter for the Scheme, (iii) performance of any and all actions in connection therewith and resulting therefrom, and (iv) execution, on behalf of the Company, of any and all documents for such purposes, be, and are hereby, approved and ratified (to the extent that each such document has not been previously approved and ratified);

（ｉ）重组及重组文件、FFP 文件、实务声明函及拟议文件之订立，（ii）该协议安排实务声明函的条款及公布，（iii）与之有关及由此产生的任何及所有行动，及（iv）代表本公司为此目的签署任何及所有文件，均特此得到批准及追认（若此类文件以前未经批准及追认）；

(c)     the form and terms and conditions of the Restructuring Documents, the FFP Appointment Documents, the Practice Statement Letter and the Proposed Documents be approved, confirmed and ratified in all respects;

重组文件、FFP 委任文件、实务声明函及拟议文件的形式、条款及条件在所有方面均获批准及追认；

(d)     the Director be, and is hereby authorised, in the name and for the account of the Company, to:

董事特此被授权以本公司的名义并为了本公司的目的：

(i)     as appropriate, continue to negotiate with the Company's stakeholders (including its creditors) to progress the Restructuring;

在适当情况下，继续与本公司的利益相关者（包括其债权人）进行谈判，以推进重组；

(ii)    represent the Company in negotiating, drafting and amending or otherwise completing where appropriate the Restructuring Documents and the Proposed Documents and any ancillary document as he may in his discretion deem appropriate;

代表本公司谈判、起草和修改或以适当方式完成重组文件和拟议文件以及其酌情认为适当的任何附属文件；

(iii)   represent the Company in negotiating, drafting and amending or otherwise completing where appropriate the court documents necessary to implement the Scheme and the sanctioning of the Scheme by the BVI Court, and to provide affidavits, affirmations and other evidence in support of the Scheme for the BVI Court;

10

代表本公司谈判、起草和修改或以适当方式完成所需的法院文件以实施该协议安排并使其得到 BVI 法院的批准，并向 BVI 法院提供支持该协议安排的誓词及其它证据；

(iv)   execute, sign, deliver and dispatch where appropriate the Restructuring Documents and the Proposed Documents and any ancillary document as such Director in his discretion may deem appropriate or under these resolutions;

在适当情况下执行、签署、交付和发送重组文件和拟议文件以及该董事根据其酌情权或这些决议案认为适当的任何附属文件；

(v)   instruct or direct any representative or advisor of the Company in respect of the above mentioned resolutions; and

就上述决议向本公司的任何代表或顾问提供指示或指引；和

(vi)   do such further acts and things as such Director shall deem necessary or appropriate, including, without limitation, do and perform (or cause to be done and performed), in the name and on behalf of the Company all such acts and to sign, make, execute, deliver, issue or file (or cause to be signed, made, executed delivered, issued or filed) with any person including any court, governmental authority or agency, all such Restructuring Documents, agreements, documents, instruments, affidavits, affirmations and certificates (including those required in connection with any legal opinion in relation to the issuance of the New Instruments and all necessary actions to perfect any security created or to be created, under the Restructuring Documents), consents or waivers and all amendments to any such agreements, documents, instruments, certificates, consents or waivers and to pay, or cause to be paid, all such payments, as any of them may deem necessary or advisable in order to carry out the intent of the foregoing resolutions, the authority for the doing of any such acts and things and the signing, making, execution, delivery, issue and filing of such of the foregoing to be conclusively evidenced thereby;

作出该董事认为必要或适当的进一步行动和事项，包括但不限于：以本公司的名义并代表本公司进行并执行（或促使完成和执行）所有此类行为，并与任何人（包括任何法院、政府机关或机构）签署、制作、执行、交付、签发或提交（或促使签署、制作、执行、交付、签发或提交）所有此类重组文件（包括与发行新工具有关的任何法律意见以及完善根据重组文件创建或将要创建的任何证券的所有必要行动所需的），协议、文件、文书、誓词、证书，同意或免除以及对任何此类协议、文件、文书、证书、同意或免除的所有修订，并支付或促使支付所有此类付款，以实现上述决议的意图、进行任何此类行为和事情的权力，上述内容的制作、执行、交付、签发和提交依此可据；

(e)   the appointment of the Scheme Supervisor and the BVI Information Agent pursuant to the terms of the FFP Appointment Documents be and is hereby authorised, approved, confirmed and ratified in all respects;

特此于所有方面授权，批准，确认和追认根据 FFP 委任文件的条款任命的协议安排监督人和 BVI 信息代理人；

11

(f)    the Scheme Supervisor be, and is hereby appointed as agent of the Company, authorised in the name and for the account of the Company to:

以本公司的名义并为了本公司的目的，授权并任命协议安排监督人为本公司的代理人并：

(i)    act as the Company's "foreign representative" (as defined in section 101 of the United States Bankruptcy Code) in respect of the Chapter 15 Recognition Proceeding (the "**Foreign Representative**");

就第 15 章认可程序担任本公司的"外国代表"（定义见美国破产法第 101 条）（"**外国代表**"）；

(ii)    seek any relief available to a foreign representative pursuant to the United States Bankruptcy Code in the Chapter 15 Recognition Proceeding;

在第 15 章认可程序中寻求外国代表根据美国破产法可获得的任何救济；

(iii)    execute and verify or certify a petition under Chapter 15 of the United States Bankruptcy Code, and to cause the same to be filed in the U.S. Court in such form or forms as the Foreign Representative may approve; and

执行、认证或核实根据美国破产法第 15 章的呈请，并以外国代表可能批准的形式向美国法院提交该申请；和

(iv)    execute and file any and all petitions, schedules, motions, lists, applications, pleadings, declarations and other papers, and to take any and all further actions which the Foreign Representative or the Company's legal counsel may deem necessary or appropriate to seek the voluntary relief available under Chapter 15 of the United States Bankruptcy Code (the "**Chapter 15 Documents**"), and to take any further acts and deeds which any of them deem necessary, proper, or desirable in connection with the Chapter 15 Recognition Proceeding;

执行并提交任何和所有请愿书、时间表、动议、清单、申请、诉状、声明和其他文件，并采取外国代表或本公司法律顾问认为必要或适当的任何和所有进一步行动，以寻求美国破产法第 15 章规定的自愿救济（"**第 15 章文件**"），并采取任何他们认为与第 15 章认可程序有关的必要、适当或可取的任何进一步行为；

(g)    the appointment of Mr Patrick Cowley, Rosalie Lui and Christopher Ball of KPMG Advisory (Hong Kong) Limited as Scheme Administrator on the Scheme Effective Date under Clause 27 of the Scheme be and is hereby approved, confirmed and ratified in all respects;

根据协议安排第 27 条，委任毕马威咨询（香港）有限公司的 Patrick Cowley 先生、Rosalie Lui 女士及 Christopher Ball 先生为协议安排管理人，委任于协议安排生效日期生效，并对此作出所有方面的授权，批准，确认和追认；

(h)    Mr Hui Ka Yan be, and is hereby authorised, in the name and for the account of the Company, to finalise, swear and file the Convening Affirmation to be filed with the BVI Court, including making any amendments thereto that are considered necessary or desirable;

特此授权许家印先生以本公司的名义定稿、宣誓并向 BVI 法院提交召集誓词，包括对其进行任何认为必要或可取的修改；

(i)     the Restructuring Documents, the FFP Documents, the Practice Statement Letter and the Proposed Documents (when executed) be valid, conclusive, binding on and enforceable against the Company;

重组文件、FFP 文件、实务声明函及拟议文件（签署时）对本公司有效、具决定性、约束力及可执行性；

(j)     in connection with, or to carry out the actions contemplated by the resolutions herein, the Director or the Scheme Supervisor, as applicable, be, and hereby is, authorised in the name and on behalf of the Company to do such further acts and things as he shall deem necessary or appropriate, including, without limitation, do and perform (or cause to be done and performed), in the name and on behalf of the Company all such acts and to sign, make, execute, deliver, post, publish, announce, issue or file (or cause to be signed, made, executed delivered, issued or filed) with any person including any court, governmental authority or agency, all such Restructuring Documents, FFP Documents, the Practice Statement Letter, the Proposed Documents, agreements, documents, instruments, affidavits, affirmations and certificates (including those required in connection with any legal opinion to be given in relation to the issuance of the New Instruments and all necessary actions to perfect any security created or to be created, under the Restructuring Documents and the Proposed Documents), filing any court documents relating to the Scheme or the Chapter 15 Recognition Proceeding (including without limitation any required for amending the Restructuring Documents or Proposed Documents or Chapter 15 Documents, changing the dates of the Convening Hearing, Scheme Meeting, Sanction Hearing and Chapter 15 Hearing), consents or waivers and all amendments to any such agreements, documents, instruments, certificates, consents or waivers and to pay, or cause to be paid, all such payments, as any of them may deem necessary or advisable in order to carry out the intent of the foregoing resolutions, the authority for the doing of any such acts and things and the signing, making, execution, delivery, issue and filing of such of the foregoing to be conclusively evidenced thereby;

为执行本决议所设想的行动，董事或协议安排监督人（如适用）就此被授权以本公司的名义及代表本公司作出其认为必要或适当的进一步行动及事项，包括但不限于：以本公司的名义代表本公司进行和执行（或促使完成和执行）所有该类行动，并与任何人（包括任何法院、政府机关或机构）签署、制作、执行、交付、发布、宣布、发行或提交（或导致签署、制作、执行交付、签发或提交），所有该等重组文件、FFP 文件、实务声明函、拟议文件、协议、文件、文书、誓词和证书（包括与发行新工具有关的任何法律意见以及完善根据重组文件和拟议文件创建或将要创建的任何证券的所有必要行动有关的文件）；提交与协议安排或第 15 章认可程序有关的任何法院文件（包括但不限于修改重组文件或拟议文件或第 15 章文件、更改召集聆讯、协议安排会议、批准聆讯和第 15 章聆讯的日期所需的任何文件），同意或免除，以及对任何此类协议、文件、文书、证书、同意或免除的所有修订，并支付或促使支付所有有此类董事或协议安排监督人可能认为为实现上述决议的意图必要或可取的款项，进行任何此类行为和事情的以及上述内容的签署、制作、执行、交付、签发和提交之权力依此可据；

(k)     the Company, the Director or the Scheme Supervisor, as applicable, does give, make, sign, execute and deliver all such notes, deeds, agreements, letters (including in relation to the appointment of an agent for service of process), notices, certificates, acknowledgements, instructions, fee letters, share transfer forms, and other documents (whether of a like nature or not) including any (i) minutes, resolutions or other documents (other than as referred to in (ii)) to be drawn up or adopted by the Company in its capacity as member of the management board or as shareholder of an affiliate of the Company; and (ii) documents to be signed by the Company in its capacity as member of the management board of an affiliate of the Company (together the "**Ancillary Documents**"), as may in the sole opinion and absolute discretion of the Director or the Scheme Supervisor be considered necessary or desirable for the purpose of compliance with any condition precedent or the coming into effect of or otherwise giving effect to, consummating or completing or procuring the performance and completion of all or any of the transactions contemplated by or referred to under the Restructuring or the Restructuring Documents, the Practice Statement Letter or the Proposed Documents and the Company, do all such acts and things as might in the opinion and absolute discretion of the Director be necessary or desirable for the purposes stated above;

本公司、董事或协议安排监督人（如适用）确实提供、制作、签署、执行及交付所有该等票据、契约、协议、（包括与委任法律文书送达代理人有关的）信件、通知、证书、确认书、指示、费用信函、股份转让表格及其它文件（不论是否具有类似性质），包括任何（i）本公司以其作为其关联公司之管理委员会成员或股东身份拟或通过的会议记录、决议或其它文件（除第（ii）项所述外）；及（ii）本公司以其关联公司管理委员会成员身份签署的文件（统称"**附属文件**"），及董事或协议安排监督人依其意见及绝对酌情权所认为是绝对必要的，以遵守任何先决条件或以其它方式实施或完成重组或重组文件、实务声明函或拟议文件拟提及或提及的所有或任何交易的履行和完成，并为上述目的，是否采取董事依其绝对酌情权认为是可能、必要或可取的所有行为及事项。

(l)     that the Ancillary Documents be in such form as the Director or the Scheme Supervisor acting in accordance with the M&A or FFP Appointment Documents in his or her absolute discretion and opinion approve, the signature of the Director or the Scheme Supervisor being due evidence for all purposes of the board's approval of the terms thereof on behalf of the Company;

附属文件的格式将由董事或协议安排监督人按照章程或 FFP 委任文件行事并以其绝对酌情权和意见批准，董事或协议安排监督人的签署为董事代表本公司批准条款的充分证据；

(m)     the Proposed Documents are approved, and the Director may cause such Proposed Documents to be executed, circulated and/or filed with the BVI Court on behalf of the Company, with or without modification, as may be reasonably necessary to propose and implement the Scheme;

拟议文件获得批准，且为了合理必要地为协议安排作出提议和实施，董事可代表本公司执行、传阅和/或向 BVI 法院提交该等无论有无修改的拟议文件；

14

(n)    the Restructuring Documents, the FFP Appointment Documents, the Practice Statement Letter, the Proposed Documents or Ancillary Documents (where required to be executed by the Company) be executed by the signature of the Director or, where required to be executed as a deed, be either (a) sealed by the affixing thereto of the common seal of the Company, and witnessed as required by the M&A, or (b) executed as a deed by the Director on behalf of the Company;

重组文件、FFP 委任文件、实务声明函、拟议文件或附属文件（如任何需要由本公司签署）由董事签署，或如要求作为契约签署，可以是 (a) 加盖本公司公章并，按章程要求进行见证，或 (b) 由董事代表本公司签署为契约；

(o)    the Deed of Release be either (a) executed by the signature of the Scheme Supervisor and sealed by the affixing thereto of the common seal of the Company, and witnessed as required by the M&A, or (b) executed as a deed by the Scheme Supervisor on behalf of the Company;

解除契约可以 (a) 由协议安排监督人签署，并加盖本公司公章及按章程要求进行见证，或 (b) 由协议安排监督人代表本公司签署为契约；

(p)    the Deed of Indemnity be executed as a deed by the Director;

由董事以契约方式签署赔偿契约；

(q)    the 2021 Audited Accounts and the 2022 Audited Accounts be and are hereby approved and the Director be and is hereby authorized to sign the 2021 Audited Accounts and the 2022 Audited Accounts for and on behalf of the Board and the Director may cause such the 2021 Audited Accounts and/or the 2022 Audited Accounts to be circulated and/or filed with the British Virgin Islands Court on behalf of the Company as may be reasonably necessary to propose and implement the Scheme; and

15

2021 年审计账目和 2022 年审计账目现已获批准，特此授权董事代表董事会签署 2021 年审计账目和 2022 年审计账目。董事可代表本公司在必要的情况下，为实施协议安排，将该 2021 年审计账目和/或 2022 年审计账目发出并提交至 BVI 法院； 以及

(r)    any and all actions of the Company, or of the Director or of the Scheme Supervisor or any other officer or the Foreign Representative, taken in connection with the actions contemplated by the resolutions herein prior to the execution hereof be and hereby are ratified, confirmed, approved and adopted in all respects as fully as such action(s) had been presented to for approval, and approved by the Company or the Director, prior to such action being taken.

在执行本决议之前，本公司、董事、协议安排监督人或任何其他高级职员或外国代表所采取的与本决议所设想的行动有关的任何及所有行动均已获得批准，该批准亦等同于已提交批准、并经本公司或董事批准，并在所有方面得到充分追认、确认、批准和通过。

Date:    17 July 2023
日期：    2023年7月17日

*[Signature page follows]*

（后为签署页）

16

[*Signature page to the sole director resolutions of Scenery Journey Limited*]

[*景程有限公司独任董事决议的签署页*]

_____

CHEN Daiping

陈代平

(Sole Director)

（独任董事）